PERLEY C. JONES *v.* JACOB SPEAR and MOSES SPEAR, Trustee.

The county court has the right to make and enforce rules in relation to the order and course of its own proceedings, and to prescribe all needed regulations in relation to the time of trial and the preliminary proceedings, in all cases pending before it.

The county court have the right to require the defendant, in a suit apparently brought for the collection of a debt, to furnish his affidavit, at least of his own belief, that the claim is disputable. And if he refuse to comply with such rule, it is not error for them to deny him a trial by jury.

Under a declaration for money had and received, a promissory note, executed by the defendant and others, by which the signers jointly and severally promised to pay the plaintiff the sum therein named, is competent evidence.

When a suit is commenced by trustee process, the case is not ended as to the principal debtor, so that execution can issue, nor can he be considered as out of court, upon judgment being rendered against him; but such judgment must lie, until the case shall be determined in some legal manner as to the trustee.

A conveyance, by a debtor, of all his property, to secure the future support of himself and his family, without making provision for the payment of all his debts, is fraudulent in law and void, as to the creditors for whom no provision is made.

Where a suit is commenced by trustee process, and judgment is rendered against the principal debtor, and the suit is retained in court for the purpose of determining the liability of the trustee, who is ultimately held chargeable, the plaintiff may tax costs, which accrued in litigating this question, as costs in the suit, to be paid from the funds in the hands of the trustee.

Jones *v.* Spear & Tr.

Where one of two defendants in a suit suffered default, and the other defendant appeared and entered a review, and judgment was entered up and execution issued against the defendant who was defaulted, it was held, that such execution was prematurely issued, and that the same was irregular and void. *Downer* v. *Dana et al.*, Lamoille Co., 1848, cited by POLAND, J.*

ASSUMPSIT for money had and received. The writ was made returnable to the December Term of the county court, 1847. At that term the defendant appeared and pleaded the general issue, and demanded a trial by jury. The court,—REDFIELD, J., presiding,—refused to continue the case, or to allow a trial by jury, for the reason, that, by a rule of the court, suits brought for the collection of debts, in which the defendant claimed a trial, were to be continued to the second term, upon affidavit filed by the defendant, that he was advised and believed he had a good defence,—which affidavit the defendant in this case refused to file. The defendant then put the issue to the court; and, on trial, the plaintiff gave in evidence a promissory note, executed by the defendant and two others, by which they jointly and severally promised to pay to the plaintiff $100 with interest. The defendant insisted, that the plaintiff was not entitled to recover upon this evidence; but the court rendered judgment for the plaintiff for the amount of the note and interest; to which decision the defendant excepted; but the court refused to order a stay of execution.

At a subsequent term the trustee moved to be discharged from the suit, for the reason that judgment had been rendered against the principal debtor, and the suit ended as to him, at the December Term, 1847. But the court overruled the motion; to which decision the trustee excepted.

The trustee filed his disclosure; from which it appeared, that he had received a conveyance of all the property of the principal debtor, both real and personal, and had executed a mortgage of the real estate back, conditioned that he should support the principal debtor and his wife and an adult daughter, during their natural lives, and should also pay certain specified debts of the principal debtor,—but not the plaintiff's. On trial by jury, upon allegations

* But see *Paine et al.* v. *Tilden et al.*, 20 Vt. 554.

filed by the plaintiff, it was found, that the trustee knew of the existence of the plaintiff's debt, at the time he received the conveyance from the principal debtor. The amount of the real estate thus conveyed to the trustee was about $1800, and the personal estate about $400.

Upon these facts the county court, December Term, 1848,— REDFIELD, J., presiding,—adjudged the trustee chargeable for so much of the personal property received by him from the principal debtor, as remained in his possession at the time he filed his disclosure, except such as was by law exempt from attachment. Exceptions by trustee.

The county court allowed the plaintiff to tax costs, which accrued in litigating the claim against the trustee, after the judgment against the principal debtor, as cost in the suit, to be paid from the funds in the hands of the trustee; to which decision the principal debtor excepted.

*L. B. Vilas,* for defendant and trustee, cited *Briggs* v. *Beach & Tr.,* 18 Vt. 115.

*P. C. Jones* and *A. P. Hunton,* for plaintiff, relied upon the case of *Crane* v. *Stickles & Tr.,* 15 Vt. 252.

The opinion of the court was delivered by

POLAND, J.   1. The first question in this case arises upon the exceptions of the principal debtor, on account of his having been denied a trial by jury, upon his claim to have his case tried in that manner. This request of the defendant was denied in consequence of the non-compliance of the defendant with a rule of the county court, which requires the defendant, in certain enumerated actions, (including such as the present,) to file an affidavit of defence, or else the action will be considered as a mere collecting suit, and the plaintiff be entitled to a judgment, without trial. The defendant refused to file an affidavit, but still claimed, that the action was disputable, and insisted upon his right to a trial by the jury.

That this court, sitting as a court of error, cannot revise the decisions of the county court upon their own rules is well settled; but in the present case it is contended, that the rule in question is one,

that the county court had no legal right to make, or enforce, upon the ground that it is in violation of that article of our bill of rights which declares, "that when any issue of fact, proper for the cognizance of a jury, is joined in a court of law, the parties have a right to trial by jury, which ought to be held sacred." And if this claim be well founded, then this exception of the defendant ought to prevail; for no court has a right to establish rules to govern its proceedings, which conflict with the law, and especially with the constitution, which is the paramount law of the state; and it becomes our duty, therefore, to examine and see whether the rule in question is subject to the defendant's objection.

We recognize, to the full extent, the right of parties, in cases where the proceedings "are according to the course of the common law," and an issue of fact is joined, to have the matter submitted to a jury for trial. At the same time, we think the county court has the right to make and enforce rules in relation to the order and course of its own proceedings, and to prescribe all needful rules and regulations in relation to the time of trial, and the preliminary proceedings, in all cases before that court for determination. It is a matter well known to all acquainted with legal proceedings in this state, that a great majority of the cases in the county courts of this state are not really disputable suits, but are brought merely for the purpose of enforcing the collection of debts, which are undisputed and where judgments are obtained without any trial whatever, either by the court, or the jury.

The real question raised in this case is, whether the county courts have any right to act upon this well known fact, and to adopt some rule, by which creditors, in such cases, can obtain judgments on such claims in some short and convenient time, or whether, upon the mere suggestion or assertion of a defendant, such action must be taken by the court to be disputable, and take its order in the jury calendar, and be subject to the interminable delays which would thereby be occasioned to the party. We think the court have the power to take notice of this distinction in the cases before them, and to require a defendant, in an action apparently for the recovery of a mere debt, to furnish some assurance, (at least as much as his own belief, that he has a defence,) that it is *bona fide* a doubtful or disputable claim.

In England, where the right of trial by jury is acknowledged to quite as enlarged an extent as in this country, there are many kinds of defences, (which are considered as technical, and not favored,) which the rules of the courts will not permit to be made, unless the party interposing them will make an affidavit of the truth of such defence, and that the same will be made to appear on trial. And in many of the states, whose constitutions contain similar provisions with ours, their courts have rules like those of the English courts;— but in neither country has it ever been supposed, that the right of trial by jury was thereby impaired or trenched upon.

Neither does this case come within the clause of the constitution above cited. Here was no *issue joined,* and, by the rules of the court, none could be joined in the cause at the term the jury trial was claimed; so that even the letter of this provision was not violated. Rules similar in principle to the one in question have been enforced by the courts in this state from the earliest period of its judicial history down to the present time, as well as in all the neighboring states; and this is the first time, to our knowledge, that their right to do so has ever been questioned; and no evils are even pretended to have ever arisen from their operation. That evils very numerous and mischievous would result from an abandonment of such rules must be apparent to all acquainted with legal proceedings; and we think it would be very unwise, at this day, to abolish a practice sanctioned by immemorial usage, and *highly* beneficial and salutary in its operation, merely on account of a fancied, theoretical conflict with the right of trial by jury.

2. We are not able to see, why the plaintiff's note was not proper and sufficient evidence to prove his declaration.

3. As to the trustee's motion to dismiss;—this motion is founded upon the supposition, that the whole case had become fully ended as to the principal debtor, who was the defendant in the suit, so that the final process of the court might be issued to carry the judgment against him into execution. If this view be sound, there would be very great plausibility in the suggestion, that the trustee, (who is not regarded, to the full extent, as a party to the suit,) could not be kept in court, disconnected with the principal defendant. But we are disposed to view the case in a different light, and to hold, that an adjudication of the liability of the principal debtor to the plaintiff

in the suit did not make a final end of the case, even against him, so that an execution could legally issue against him, until the whole case had been disposed of, as against the trustee. It has been often decided in this court, that, when a case has been brought up on exceptions, either by a trustee, or principal debtor, and the case still remains in the county court as to the other party, such case is not properly before this court, upon the ground, that the case had not been finally disposed of in the county court,—which has always been held necessary, in order to have the case brought up properly. If those decisions were correct,—and we have no occasion to controvert them,—this case was not ended as to the principal debtor, nor could he be considered as out of court, or disconnected with the case, by having a judgment rendered against him; but such judgment must lie, until the case should be determined in some legal manner as to the trustee.

This view is also supported by the provisions of our statute as to appeals in trustee suits; where the judgment before the justice against the principal debtor, is not appealed from. The statute provides, in such case, that the whole case shall go up to the county court, and that the county court shall affirm the judgment of the justice against the principal debtor. The decision of this court in the case of *Downer* v. *Dana & Norton*, at the last May Term in Lamoille county, is somewhat analogous to our view. In that case one defendant in the suit suffered a default, but the other appeared and entered a review. Judgment was entered up and execution issued against the defendant, who was defaulted. It was held, that such execution was prematurely issued, and that the same was irregular and void. We think, therefore, that the principal debtor was still legally and properly in court, and that there was therefore no ground for dismissing the trustee.

4. The principal debtor, it appears from the case, had made a conveyance of all his property, real and personal, to the trustee, without making any provision for the payment of the debt of the plaintiff, at least; and although there is nothing stated in the case, that such conveyance was made for the purpose or with the intent, on the part of either party to such conveyance, to defraud the plaintiff, yet we think, that, as to the plaintiff, such conveyance must be regarded in law as fraudulent. In the case of *Crane* v. *Stickles &*

*Tr.*, 15 Vt. 252, it was decided by this court, that a conveyance of all the principal debtor's property, to secure her future support through life, without making provision for the payment of her debts, was fraudulent and void as to creditors. In this case the conveyance was not only to secure the support of the grantor and his wife, but also an adult daughter, for whose support he does not appear to have been under any legal obligations. We think, that, according to the doctrine of the above mentioned case, this conveyance must be regarded as fraudulent and void, as to the creditors of Jacob Spear.

It is urged, however, that, inasmuch as the plaintiff might have attached and held the real estate upon his debt, it is to be regarded in the same light, as if the real estate had not been conveyed, and so the conveyance of the personal property not fraudulent. But the conveyance was all one and indivisible, and equally fraudulent as to both real and personal property; and the creditor had the same right to take one, as the other; and if the real estate had been taken, instead of the personal, it might, with equal force and propriety, have been urged, that the personal property had not been legally conveyed and the creditor should have resorted to that. We think he had the same right to take one, as the other, and might take his choice.

5. The allowing the plaintiff to tax costs in the suit, even after the judgment in the suit against the principal defendant, we think was legal; at any rate, we do not see how it could be any ground of exception by the principal debtor, as it was to come out of the property, which had passed from him by a conveyance, which was legal and valid as against him.

On the whole, we see no error in the proceedings of the county court, and their judgment is affirmed.