ISAAC H. SPRING *v.* JOHN AYER, and RODNEY R. SMITH, Trustee.

*Trustee chargeable for debt contracted after service of trustee process. Payment during suit. Issue of execution.*

After the service of trustee process, the trustee agreed to pay to the principal defendant the amount of a debt, which was due from the trustee to a third person, such third person being indebted in the same amount to the principal defendant, and thereupon the trustee executed and delivered to the principal defendant a promissory note for the amount, which he soon afterwards paid; and it was held, that the legal effect of this transaction was, that funds of the principal defendant came to the hands and possession of the trustee after the service of the trustee process upon him, within the meaning of the statute, and that he was therefore chargeable, as trustee, for the amount.

If, while the trustee process is pending in court, and previous to judgment being rendered against the trustee, the plaintiff obtain satisfaction of any portion of his debt, and that appear in the case, he can only take execution against the trustee for the residue.

If, while a trustee process is pending in court, judgment be obtained and execution issued against the principal defendant in the same suit, the execution will be valid, so long as it remains on record and acquiesced in by the other party.

TRUSTEE PROCESS. The trustee disclosed, that he was indebted to the principal defendant, at the time of the service of the trustee process, in the sum of $94,17; and it also appeared, from his disclosure and other evidence in the case, that one Burt was indebted to Ayer, the principal defendant, in the sum of $500,00, and the trustee being indebted to Burt, and having some property of Burt in his possession, it was agreed between them, after the service of the trustee process, at the solicitation of Ayer, that the trustee should pay the amount due from Burt to Ayer; and he accordingly executed and delivered to Ayer a promissory note for that amount, and shortly afterwards paid the amount, and Burt, in a subsequent settlement, repaid the amount to the trustee. It also appeared, that judgment had been rendered against Ayer in this suit, and an execution had issued against him, which had been in part satisfied by the sale of property, claimed by the plaintiff to be the property of Ayer, but which was also claimed by the trustee.

The county court, November Term, 1849,—Redfield, J., presiding,—adjudged the trustee chargeable for the sum of $594,17. To which decision the trustee excepted.

*F. F. Merrill* and *S. B. Colby* for trustee.

*J. A. Vail*, for plaintiff cited *Newell* v. *Ferris & Tr.*, 16 Vt. 135, and *Hurlburt* v. *Hicks et al. & Tr.*, 17 Vt. 193.

The opinion of the court was delivered by

Redfield, J. We entertain no doubt, that the trustee was properly adjudged liable for funds, which came in to his hands, intervening the service of the process and the judgment. It seems probable, that the parties entertained no such expectation, or they would not have made use of the trustee, as a vehicle of funds from Burt to the principal debtor. But their ignorance of the law can make no difference. The case shows very clearly, that the trustee did agree to pay a debt, which he owed to Burt, to Ayer, and did pay it. This made the money, which he paid, the " goods, effects or credits, of the principal defendant—which come into his hands, or possession, after the service of the writ and before disclosure made," in the very words of the statute, and as fairly and fully within its import and intention as could well be imagined.

In regard to the right of the trustee to certain deductions, it is perhaps not important to say more, than that the plaintiff can have but one satisfaction, however large a sum he may obtain judgment for against the trustee. And we are not aware that any judgment, which shall be rendered here, will embarrass the trustee in any other proceeding, between himself and other parties. And, as the $500 is an entire thing, it seems awkward to hold him liable for a portion of it.

But if the plaintiff has obtained valid, legal satisfaction of any portion of his debt, and that appears in the case, he could not regularly obtain execution here, against the trustee, for anything more than the balance. And a satisfaction appearing of record is to be taken to be valid and legal, until something to the contrary appear.

Whether taking out execution in the county court is to be regarded as a discontinuance of the suit, as to the trustee, we are not

prepared to say that it is.   The party, under the existing statutes, is entitled to attach the goods, effects and credits in the hands of trustees, and also in the defendant's possession; and he must of course have execution against both, at some time ; and why these executions against different persons should necessarily be contemporaneous, I do not well see.   In the English practice, the suit always continues in court, until the executions are returned fully satisfied. The executions are returnable always at the next succeeding term, and if not returned regularly, a continuance is entered upon the roll, *vice-comes non misit breve.*   Different grades of execution may there be issued, at the same time, against the goods, chattels, or lands of the debtor, or against his person, while here they all united in one writ.   So that we perceive no incongruity here in the creditor having his execution against the principal defendant, as soon as his judgment is perfected, if he will move the court to that effect.   Perhaps as matter of course he ought not to be required to proceed, at the peril of losing his lien, until the entire suit is ended.   But if, in the present case, the issuing of the execution is to be regarded as premature, it could only become, in consequence, irregular and void, to be set aside on motion, or process for that purpose, but valid so long as it remains on record and acquiesced in by the other party.

The party will be entitled to execution here for the balance of his debt; and if he should, by the happening of subsequent events, think himself entitled to judgment for more, he will be compelled to take farther proceedings, by way of *scire facias,* or in some other mode.

Judgment affirmed.