BRIDGMAN HAPGOOD *v.* AARON GODDARD.

*Petition to set aside an execution.*

In a trustee process, the case is not ended as to the principal defendant, until the case is disposed of as to the trustee; and strictly speaking the plaintiff would not be entitled to an execution, till the day following the final determination of the *whole* case.

If an execution irregularly issues and a party desires to have the same set aside, he must apply in a reasonable time, which is the earliest convenient time.

Courts of law, ordinarily refuse to set aside executions, when that and that only has been done, which is required to be done now, although done prematurely.

THIS was a petition to set aside an execution.

The petition set forth in substance, that on or about the twenty first day of April, 1843, one Aaron Goddard of Reading, commenced a suit against the petitioner by the trustee process, summoning Timothy P. Collins, Joel Holden, Nathan Weston, and others, as trustees.

Hapgood *v.* Goddard.

That said suit was made returnable to the November Term, 1843, of the county court, and was duly entered in said court, and that a judgment by default against the petitioner, was duly entered at the May Term, 1844, of said court, for the sum of $763,07, damages, and the sum of $20,17, costs, in and about said suit.

That said trustees appeared, and made disclosure, &c., and such proceedings were had that, as to the said Collins, and one Levi Slack and Jared Marsh, by the consideration of the Supreme Court at the March Term, 1853, a final judgment or judgments were therein rendered, by which the said Slack and Marsh were discharged from all claim of the said Goddard, as such trustees, and said Collins was adjudged trustee for the sum of $208,86. (*See Goddard* v. *Hapgood & Trustees,* 25 Vt. 351.)

That Nathan Weston, Michael L. Weston, and Elbridge Hapgood, at the November Term, 1845, of the county court, were duly discharged, as such trustees, and that said Joel Holden departed this life about the first of June, 1850, intestate.

That on the tenth day of June, 1844, and long before final judgment was rendered in said suit as to said trustees, the said Goddard took out a writ of execution, from the said county court signed by said clerk, against the petitioner for said sum of $763,07, damages, and $20,17, as costs of suit, and twenty-five cents for said writ of execution ; that said execution was in all respects in the common form, and was returnable in sixty days from its date, and purported to be issued upon a judgment rendered by said county court, May Term, 1844.

All which, by the files and records now remaining in said county Court, and in the Supreme Court, fully appears.

That said Goddard, on or about the first day of August, 1844, caused to be seized by virtue of said writ of execution, a large amount of personal property of the petitioner, and afterwards caused the same property to be sold. In all which great injustice and great injury was done the undersigned.

That said Goddard was not by law entitled to a writ of execution against the petitioner, until final judgment in said suit with reference to said trustees; and that the same was unlawfully, irregularly, and improperly issued by said clerk, and taken out by said Goddard, and that the same ought to be set aside and held for naught.

The petitioner, therefore, prays the Hon. Court to vacate, annul and set aside said writ of execution, and for other relief in the premises, &c.

The County Court, December Term, 1853,—COLLAMER, J., presiding,—found the facts stated in the petition to be true. They also found that the property levied upon by virtue of said execution, was taken from the possession of said Collins, to whom, (with one Holden since deceased) the same had before been assigned by said Hapgood, for the benefit of his creditors; that the county court, at their May Term, 1852, decided that the said Collins was chargeable as trustee for the amount thus levied upon by virtue of said execution, but the Supreme Court, contrary to the desire or request of said Collins, reversed that part of the judgment of the county court, and made said Collins chargeable only for the balance of the property in his hands, deducting the amount thus levied upon.

The court also find, that soon after said property was taken on said execution a suit was brought therefor by said Collins, which suit is still pending and considerable expense and a large bill of costs incurred by said Collins therein, for which he has never been remunerated, and has no means of indemnity.

Upon the foregoing facts, the court decided that said petition could not be sustained, and dismissed the same.

Exceptions by petitioner.

*Washburn & Marsh* and *Converse & Barrett* for petitioner.

It is insisted that the taking out the execution against the principal defendant, before final judgment in the suit as against the trustees, was *irregular* and may be avoided upon proper application.

The point was expressly raised and decided in *Jones* v. *Spear*, 21 Vt. 426.

According to the ruling of the court in that case, the obtaining judgment against Hapgood, did not put an end to the suit even as against him, until the whole case was disposed of as against the trustees. See opinion of court page 430. And see the analogous cases of *Downer* v. *Dana et al.*, 22 Vt. 22. *Hayes* v. *Stewart & Trustees*, 20 Vt. 652.

Hapgood v. Goddard.

Where goods are seized in execution, the judgment is satisfied if the officer misapply the goods.   *Ladd* v. *Blunt,* 4 Mass. 402.

If one is declared a trustee on account of goods or chattles in his hands other than money, a proceeding is to be had to ascertain its value, &c.   Comp. Stat. 259 § 27, 38.

If a trustee is made liable for money due presently, execution is to issue for the same, and the amount certified on execution against principal debtor.   Comp. Stat. 262 § 44.

The judgment then against the trustee, is a final and conclusive judgment and merges the original cause of action.

*S. Fullam* for petitionee.

The petitioner is not entitled to the relief sought.

The execution which is sought to be set aside, issued nearly ten years ago, and was returned satisfied in part more than nine years ago.

The trustees have been discharged for the amount of property taken from them on the execution, and this proceeding is to enable them to obtain the property.

The execution issued legally.   *Spring* v. *Ayer & Trustee,* 23 Vt. 516.

If any reason ever existed for setting aside the execution an acquiescence of nine or ten years would fully remove that reason.

The opinion of the court was delivered by

REDFIELD, Ch. J.   The execution, in this case, according to the views expressed, in the reported cases upon the subject, referred to in argument, may probably be regarded as having issued prematurely, and so far irregularly.   The cases referred to did not absolutely require a decision to this extent, in order to their determination.   But the case of *Jones* v. *Spear,* 21 Vt. 426, is put upon this ground.   And it is no doubt true, that strictly speaking, the party would not be entitled to an execution, till the day following the final determination of the whole case.   Whether the court might not allow it to issue, under some circumstances, at an earlier day, after the judgment was perfected, and no exceptions taken, as to the principal debtor, it is not needful to consider now. This execution does not appear to have so issued.

But if the party was allowed to have it set aside upon motion,

Hapgood *v.* Goddard.

he should show two things, diligence and danger of being unjustly affected by the execution. In the present case both these matters are wanting. The party should have applied in a reasonable time, which is the earliest convenient time. Nothing appears in the present case, why the application should not have been made, at the first term after the levy, and it was not, in fact, made till some eight or nine years after.

And instead of the party being in danger of suffering injustice, by the execution not being set aside, it would seem, that the other party may be exposed to such consequences, if that is done, at this late day. In this very case, this court held the trustee not liable for this property, because it had been taken out of his hands, by this very execution, and this, notwithstanding the question of its validity was fully discussed before the court, and among other reasons, upon the ground that it had been too long acquiesced in by the petitioner, to be now regarded as inoperative. If it should now be set aside, it would exhibit this absurd anomaly, that, although it might be a justification to the officer and the party, for the acts done under it, it would probably expose the party, to be compelled to refund the money collected upon it, and at the same time not be able to obtain it of the trustee, who has been discharged, on grounds before stated. We should certainly be unwilling to impose such injustice upon the parties, by such inconsistent decisions in the same case, even if there were doubt about the perfect soundness of the former determination. But we have no doubt of its soundness, and should unhesitatingly make it now, if the matter were entirely *res integra.*

What has been said of Hapgood's liability, to pay this debt twice rests in mere possiblity, when if he does, he will have ample remedy probably at law, and certainly in equity. And arguments *ab inconvenienti* are unsatisfactory always, and where they rest in mere possibility or conjecture, and when, if they are allowed, the certain and immediate result is, injury to others, are of no significance. Under such circumstances it will be time for the party to complain when the injury occurs. Ordinarily courts of law refuse to set aside executions, when that, and that only, has been done, which is required to be done now, although done prematurely.

Judgment affirmed.