THE PASSUMPSIC BANK v. DAVID H. BEATTIE.

*Practice. Trustee process. Execution. Officer.*

In an action brought by the trustee process if judgment be rendered against the principal debtor, and one of the trustees be adjudged chargeable, and execution thereupon issue against such trustee, and the action be continued as to the other trustee, the execution so issued is so far valid that an officer in whose hands it is placed for collection, is liable for neglecting to levy and return it.

CASE against the defendant as sheriff of Essex county for the default of his deputy, one Root, in not levying and returning an execution in favor of the plaintiffs against the Island Pond Lumber Company.

The case was tried by the court at the December Term, 1858, —POLAND, J., presiding,—upon the following agreed statement of facts, viz :

The plaintiffs commenced a suit against A. Latham & Co., and trustees, the Island Pond Lumber Company, and Morrill & Law‑ rence, returnable at the June Term, 1855, of the Caledonia county court. Judgment was rendered against the Island Pond Lumber Company, as trustees of Latham & Co., at the June Term, 1855, and the cause was continued as against the defend‑ ants, Latham & Co., and the other trustees, to the December Term, 1855, when judgment was rendered for the plaintiffs against Latham & Co., and the cause was continued as to Morrill & Lawrence, trustees, until the June Term, 1856, when it was ter‑ minated as to them. At the rising of the court at the December Term, 1855, by leave of the court an execution was issued against the Island Pond Lumber Company, dated January 20th, 1856, and was placed in Root's hands for collection shortly after its issue, but some months before the case was disposed of as to the other trustees. At the time Root received this execution the Island Pond Lumber Company had property which might have been levied upon, but Root entirely neglected either to levy or return the execution.

Upon these facts the county court rendered judgment for the plaintiffs, to which the defendant excepted.

*Geo. C. & Geo. W. Cahoon,* for the defendant.

*A. J. Willard,* for the plaintiffs.

REDFIELD, Ch. J.   The principal question raised in this case, in regard to the validity of the execution, was decided by this court in *Spring* v. *Ayer,* 23 Vt. 516; *Hapgood* v. *Goddard,* 26 Vt. 401, and as we think upon sufficient grounds.   We do not think we could render the decision more obvious or satisfactory, if we should here enter into a formal re-argument of the question. It is proper that questions of that character, after having been fully considered and favorably determined, should be regarded as no longer open to debate, as it is really nothing but a question of practice, and has been ruled in accordance with our views both of safety and convenience.   We see no reason to change it.

From the facts stated in the case, we think it must have been intended that the defendant might have levied the execution upon personal property.   His admission that there was property upon which the execution might have been levied, if construed either according to its ordinary import or the established rules of construction, taking the words most strongly against the party using them, must import that.

Judgment affirmed.