# Henderson *v.* Henderson's Adm'r.

### *Motion to Quash Execution.*

1. *Register in chancery, sitting as probate judge; power to issue execution.* When a cause is transferred from the Probate Court to the register in chancery, on account of the incompetency of the probate judge to preside (Code, § 713), the register has power to issue execution on the judgment or decree rendered by him.

2. *Motion to quash execution; laches.*—As a general rule, courts have the power at any time to quash executions irregularly issued; yet they require motions for that purpose, in ordinary cases. to be made and prosecuted with diligence, especially when founded on a mere irregularity, and treat any considerable delay as a waiver.

3. *Same.*—An execution on a decree of the Probate Court being made returnable to the September term, 1877, and a motion to quash it being made at the June term, 1878. after the lapse of eight regular terms of the court; *held,* on general principles, as well as by analogy to the rule of practice in the Circuit Court (Rule No. 13, Code, 160), that the *laches* was fatal to relief.

APPEAL from the Probate Court of Macon ; the register in chancery presiding *pro hac vice,* on account of the incompetency of the probate judge.

This was a motion to quash an execution, which had been issued on a decree rendered by said Probate Court, the register in chancery presiding, *pro hac vice,* in the place of the probate judge, in favor of W. F. Foster, as administrator *de bonis non* of the estate of John C. Henderson, deceased,

[Henderson v. Henderson's Adm'r.]

against Lemuel Henderson, the administrator in chief, on final settlement of his accounts. The decree was rendered on the 18th June, 1877. The execution sought to be quashed was issued and dated the 25th June, 1877; was signed by "W. H. Crawford, register in chancery, and presiding judge of probate," and commanded the sheriff to make the amount of the decree out of the goods and chattels of the defendant, "and have the same to render to the said W. F. Foster, administrator de bonis non, on the 2d Monday in September, 1877, and make return of this writ, and the execution thereof, according to law." The motion to quash was made at the June term, 1878, notice thereof being served on the 25th May. The grounds of the motion were, that the execution was made returnable less than three months after its issue; and that it was issued and signed by the register in chancery, instead of the probate judge, or his clerk. On the hearing of the motion, as the bill of exceptions states, "it was admitted that the second Monday in September was a regular term of said Probate Court; and that W. H. Crawford, whose name is signed to said execution, is the identical register in chancery who rendered the decree on which the execution was issued, and that he presided because the probate judge was incompetent." On this evidence, the court overruled the motion to quash; "holding that said execution was returnable according to law, and that it was signed by the proper officer." The defendant excepted to this ruling and judgment, and he now assigns the same as error.

W. C. BREWER, for the appellant, cited Code, § 710; 2 Bouv. Law Dic. 150; Harrell v. Martin, Pleasants & Co., 4 Ala. 650; Chambers v. Stone & Pope, 9 Ala. 260; Brown, Toler & Phillips v. Hurt & Brother, 31 Ala. 146.

J. A. BILBRO, contra, cited Code, §§ 711, 714, 2650; Herman on Executions, §§ 44, 65, 68, 76; Hapgood v. Goddard, 26 Vermont, 401; Wofford v. Robinson, 7 Ala. 489; Samples v. Walker, 9 Ala. 726; Forward v. Marsh, 18 Ala. 645; Cawthorn v. Knight, 11 Ala. 579; 6 Cowen, 50; 9 Johns. 385; 2 Bos. & P. 336.

SOMERVILLE, J.—The probate judge being incompetent, under the provisions of the Code, to try this case, it was transferred to the register in chancery, as required by section 713 of the Code of 1876. In such case, the register is authorized to discharge all duties appertaining to the trial, "as if he were judge of probate." The power of the register to issue an execution, on a judgment lawfully rendered by

him, cannot be doubted. Section 711 of the Code expressly makes a sheriff liable for failing to make the money on, or failing to return such an execution. Independently of this, it is an obvious principle, that any court, competent to pronounce judgment, may also issue execution.—Herman on Executions, § 76; *United States v. Drenner*, Hemp. 320.

We think the motion made, in the court below, to quash the execution in this case, came too late. It is true that, as a general rule, courts have the power to quash executions at any time; but they properly refuse to exercise such power, in cases of *laches.* They require motions, in ordinary cases, to be made and prosecuted with diligence; and when the error complained of consists in a mere irregularity, any considerable delay on the part of the applicant will be treated as a waiver of the irregularity, and an irrevocable renunciation of his right to quash the writ."—Freeman on Ex. § 76; Herman on Ex. § 404; *Stephens v. Wilson*, 14 B. Monr. 88; *Bowman v. Talman*, 2 Rob. (N. Y.) 633. As said by REDFIELD, C. J., in *Hapgood v. Goddard*, 26 Vt. 401, which was a case where the execution was voidable, as having been prematurely issued, "The party should have applied in a reasonable time, which is the earliest convenient time."

The execution in this case was returnable to the September term, 1877, and motion to quash was made at the June term of the Probate Court, 1878, after the lapse of eight regular terms of that court. Conceding that the execution was voidable, the *laches* of the defendant debars him from complaining at the refusal to quash.

This is in accordance with the practice of the courts in this State, as indicated by Rule 13, prescribed for the Circuit and inferior courts of common-law jurisdiction, which, though not made specially applicable to Probate Courts, is usually made so, *quoad hoc*, by analogy. This rule provides, that "a motion to quash an attachment, appeal, or *process*, must be made at the first term at which it can be made, and not afterwards." It is founded on that hate which the law should have for unnecessary delay, and is a proper application of the ancient maxim, *vigilantibus, et non dormientibus, jura subveniunt.*

There was no error in the refusal to quash. The judgment is affirmed.