# Berry, Ex'r. *v.* Perry, Adm'r.

## *Motion to Quash Execution.*

1. *Return of execution against administrator, and execution thereon
against sureties.*—When an execution against an administrator individ-
ually is returned, "no property found," and a summary execution against
him and his sureties is thereupon issued before the regular return day of
the former, the latter execution is, at most, voidable and not void.

2. *Motion to quash execution; laches.*—A motion to quash an execu-
tion, made seven months after the discovery of the alleged defect or
irregularity in its issue, comes too late, unless some excuse is shown for
the delay.

APPEAL from the Probate Court of Greene.

Heard before the Hon. W. C. OLIVER.

The appellant, M. F. Berry, as executor of the will of Thos.
T. Tyree, deceased, filed October 9, 1886, a motion in the
Probate Court of Greene county, to quash an execution
against said decedent as one of the sureties on the bond of
T. C. Clark, as administrator of the estate of Z. T. Eubanks,
deceased. The execution was in favor of the appellee, A.
G. Perry, as administrator of the estate of W. H. Knott, de-
ceased, and was issued January 22, 1886, under section 2619,
Code of 1876. On the same day an execution against the
administrator, Clark, returnable to the second Monday in
April, 1886, had been returned "no property." Appellant's
testator, said Tyree, died at 3 P. M., January 23, 1886, the
day after the issuance of the execution against him, and ap-
pellant was appointed and qualified executor of his will
February 23, 1886. The estate of appellant's testator was
a large one, valued at $150,000.00, and portions of the prop-
erty and assets were in England, Mexico, Georgia, Missis-
sippi, Texas, and at various points in Alabama, and it occu-
pied all the appellant's time for more than two months,
with the assistance of counsel employed by him, to prepare

an inventory and procure an appraisement of the personal property of the estate, and, since his appointment, he had devoted almost his entire time to looking after the estate and attending to his duties as executor. In March, 1886, appellant, who lived in Perry county, Mississippi, sent an attorney, Wm. Spencer, to Greene county, Alabama, to look after the interests of the estate in that county, where there was a large amount of real and personal property belonging to the estate, including notes to the amount of $15,000.00, secured by mortgages on real estate. While in Greene county on this visit, looking after these matters, said Spencer saw J. B. Head, Esq., attorney for appellee, in reference to the execution, and Head, at the request of Spencer, agreed to delay the sale of the property levied on under the execution till summer, to enable the latter to investigate the question as to the liability of appellant's testator as surety on the bond of said Clark. This agreement was oral, and the testimony of the parties to it conflicted ; Head testifying, that the delay was granted to allow an investigation as to the liability of the surety on the *merits* of the case ; and Spencer, that the agreement included an inquiry as to the *regularity* of the execution.

GREENE B. MOBLEY, for appellant.—1. The execution was, at least, voidable, and probably void. The remedy given by section 2619, Code of 1876, is a summary statutory remedy, and the statute must be strictly pursued. The statute requires, that the execution against the personal representative shall be returned "no property" to the next *regular term*, before execution can issue against the sureties. An execution returned before the return day will not support supplemental proceedings.—Harrington, 430 ; *Ib.* 169 ; Walker, 1, 28, 495 ; 4 Cush. (Mass.) 420 ; 27 Mo. 243 ; Cro. Eliz. 512 ; 22 Ill. 359 ; 58 Me. 109.    2. The cases of *Henderson v. Henderson*, 66 Ala. 556, and *Steele v. Tutwiler*, 68 *Ib.* 107, do not apply to this case. In neither of these cases was there any pretense of excuse offered for the delay ; nor was there in any of the cases cited in *Henderson v. Henderson.* The appellant was duly diligent. " Longer time ought, in reason, to be given to the representatives of a dead man than one who stands ready to assert his own rights." *McKinney v. Scott,* 1 Bibb, 155 ; *Bristow v. Payton,* 15 Am. Dec. 134.

J. B. HEAD, *contra*, argued that the execution was regular, and, on the question of *laches*, cited Rule of Practice 13 ; Code of 1876, 160, and *Henderson v. Henderson,* 66 Ala. 556.

[Berry, Ex'r. v. Perry, Adm'r]

SOMERVILLE, J.—1. The execution against Clark, the administrator, was made returnable to the second Monday in April, 1886. It was actually returned "no property found" by the sheriff on January 22d, 1886, or nearly two months earlier than the return day. On the same day (January 22d), an execution was issued against the administrator and his sureties, under the provisions of § 2619 of the Code (1876). It is held by some of the authorities that where a defendant in execution has no property subject to the process, and the officer is willing to assume the *onus* of establishing this fact, he need not hold the writ up until the return day, but may lawfully return it prior thereto, unsatisfied, and that such a return, when made in good faith, will support subsequent writs and proceedings to the same extent as if it had been regularly made to the return day. Other authorities hold the contrary.—Freeman on Executions, § 353; and cases on p. 583; notes 1 and 2. However this may be, the case of *Steele v. Tutwiler*, 68 Ala. 107, is a direct authority on the proposition that the execution against the surety, which is here sought to be quashed, was not void, but at most voidable. We adhere to that ruling.

2. The only remaining question is, whether the motion to quash, made by the personal representative of Tyree, the surety, was made within a reasonable time, and was prosecuted with proper diligence. The defendant is shown to have been advised of the levy some time in March, 1886. The motion to quash was not made in the Probate Court until October. Making due allowance for the fact that in this case the administrator would probably be entitled to some additional time for such an investigation, by reason of the onerous duties connected with the management of his trust, still we think that under the rule stated in *Henderson v. Henderson*, 66 Ala. 556, the *laches* of the appellant was fatal to the relief sought, unless there was some excuse shown for the delay in making the motion to quash. The alleged defect in the issue of the execution was easily discovered by a casual inspection of the papers on their face.

3. The excuse for delay urged in the lower court was that the attorney for the appellee had given time to the appellant's counsel to investigate the question as to the liability of the surety, and this agreement included an inquiry as to the *regularity of the execution*. The evidence was conflicting on the latter point. There is nothing in the written correspondence which satisfies us that there was any purpose to delay the sale except to allow an investigation as to the liability of the surety on the merits of the case. The finding of the Probate Court on the oral testimony was against

[McLaren v. Anderson.]

the appellant's contention, and we can not say that it was erroneous.

Affirmed.