H. C. LEONARD and CLARK HOLDEN v. A. J. SIBLEY, ADMR.

October Term, 1903.

Present: ROWELL, C. J., MUNSON, START, WATSON, STAFFORD, and HASELTON, JJ.

Opinion filed February 13, 1904.

*Trustee  Process—Judgment—Final—Interlocutory.*

When, in an action by trustee process, judgment by default is rendered against the principal defendants, and the case is continued for assessment of damages, and also as to the trustee and claimant, such judgment is interlocutory merely, and final judgment may be rendered against said defendants at a subsequent term, and, by special leave of court, execution thereon may issue, though the liability of the trustees is not yet determined.

WRIT OF ERROR to review a judgment rendered for the defendants in error at the March Term, 1903, Washington County, *Stafford,* J., presiding.

The assignments of error are: (1) That the court should not have continued the original suit for assessment of dam-

ages, since said suit was for a sum certain, the action being debt on judgment. (2) That the court should not have entered judgment against the defendants in the original suit at the September Term, 1902, since judgment by default had already been entered at the March Term, 1889. (3) That the court should not have granted execution against the defendants at the September Term, 1902.

*Audita querela* was also brought by the plaintiffs against the defendant, to set aside said judgment. Trial by court at the March Term, 1903, Washington County, *Stafford*, J., presiding. Judgment that the supersedeas be vacated, that the respondent is not guilty, and that he recover his costs. The plaintiffs excepted.

The exceptions and the writ of error, being designed for the same purpose, were heard together.

When final judgment was rendered against the defendants the case was entered "with the court as to trustee and claimant." The opinion states the other facts.

*John W. Gordon and John Senter* for the plaintiffs in error.

The judgment rendered in the original case at the September Term, 1902, was a void judgment. *Stone* v. *Seaver*, 5 Vt. 542; *Sutton et al.* v. *Sutton et al.*, 10 Vt. 87; *Potter* v. *Hodges et al.*, 13 Vt. 239; *Chase* v. *Scott*, 14 Vt. 77; *Lincoln* v. *Flint*, 18 Vt. 247; *Tittlemore* v. *Wainwright*, 16 Vt. 173; *Griswold* v. *Rutland*, 23 Vt. 324; *Perry* v. *Moore*, 57 Vt. 509; *Johnson et al.* v. *Plimpton*, 30 Vt. 420.

If execution should issue before the final disposition of the case as to the trustees, it should be an execution founded upon the judgment of the March Term, 1889, and should recite that judgment. *Wilson et al.* v. *Fleming*, 16 Vt. 649; *Rice et al.* v. *Talmage*, 20 Vt. 378.

A judgment *nunc pro tunc* cannot be entered unless the case be in such a condition on the day to which the judgment is to relate back, that final judgment could then have been rendered. I Black on Judgments, § 131; *Rugg* v. *Parker,* 7 Gray 172; *Balch et ux.* v. *Shaw,* 7 Cush. 282.

The judgment rendered at the March Term, 1889, was final. Freeman on Judgments, §§ 330-332; 2 Bouvier's Law Dic. 28; *Loring* v. *Illsley,* 1 Cal. 28; *Clements* v. *Berry,* 11 How. 398; *Turner* v. *Plowden,* 23 Am. Dec. 596; *Com.* v. *Baldwin,* 26 Am. Dec. 33; *Rawdon* v. *Rapley,* 58 Am. Dec. 370; *Bank* v. *Hall,* 41 Am. Dec. 41; *Mills* v. *Hoag,* 31 Am. Dec. 271; *Bank* v. *Dobson,* 127 Cal. 208; *State* v. *R. R. Co.,* 16 Fla. 708; *Shepard* v. *Brenton,* 20 Iowa 41.

*H. C. Shurtleff* for the defendant.

Final judgment against the principal debtor was ordered by the court. If any error was committed in so doing it was error of the court and *audita querela* does not lie to correct such errors. *Little* v. *Cook,* 1 Aik. 363; *Weeks* v. *Lawrence,* 1 Vt. 437; *Dodge* v. *Hubbel,* 1 Vt. 491; *Stone* v. *Seaver,* 5 Vt. 549; *Suttons* v. *Tyrrell,* 10 Vt. 87; *Parker* v. *Hodges,* 13 Vt. 239; *Chase* v. *Scott,* 14 Vt. 77; *Tittlemore* v. *Wainwright,* 16 Vt. 173; *Betty* v. *Brown,* 16 Vt. 669; *Griswold* v. *Rutland,* 23 Vt. 324; *School Dist.* v. *Rood,* 27 Vt. 214; *Perry* v. *Morse,* 57 Vt. 509.

The case was properly continued for assessment as long as the liability of the trustee and claimant remained unsettled. *Jones* v. *Spear & Tr.,* 21 Vt. 426; V. S. 1386; *Spring* v. *Ayer,* 23 Vt. 518; *Passumpsic Bank* v. *Beattie,* 32 Vt. 315; *Bank* v. *Downer,* 29 Vt. 332; *Hapgood* v. *Goddard,* 26 Vt. 404.

An assessment of damages may take place at any convenient time. *Sheldon* v. *Sheldon & Tr.,* 37 Vt. 152; *Webb* v.

*Webb,* 16 Vt. 636; *Brown* v. *Irwin,* 21 Vt. 72; *Yatter* v. *Miller,* 61 Vt. 147; *Shepard* v. *Charter,* 4 T. R. 275; *Green* v. *Hearne,* 3 T. R.. 301; *Nelson* v. *Sheridan,* 8 D. & E. 395.

WATSON, J.  This case is here on writ of error.  The original action against the plaintiffs in error was by trustee process with a declaration of debt on judgment, and was returnable to and entered in the County Court at the December Term, 1889.  At that time the plaintiffs in error made no appearance; whereupon judgment was rendered against them by default, a claimant of the funds in the hands of the trustee entered in the suit, and a commissioner was appointed to determine and report to the court the liability of the trustee and the right of the claimant.  The cause was then continued for the assessment of damages and as to the trustee and the claimant.  It was so continued from term to term until the September Term, 1902, when final judgment against the plaintiffs in error was ordered, with leave to take out execution forthwith.  The damages were assessed, final judgment rendered, and execution issued accordingly.

The errors assigned are that, since the action was debt on judgment, it was for a sum certain and that the continuation of the cause after the March Term, 1889, for the assessment of damages, the rendering of judgment against the plaintiffs in error at the September Term, 1902, the grant of leave to issue execution on said judgment, and the issue of the same were contrary to and without authority of law.

It is urged that when the judgment by default was rendered it was for a sum certain, to be computed by the clerk of court, and that it was a final judgment.  Also that the rendition of judgment at the September Term, 1902, was error, for the reason that the former judgment was still in force and at most nothing remained to perfect it but the assessment of the damages, which, it is contended, should have been inserted

in the records *nunc pro tunc*. Was the judgment of 1889 final, or was it only interlocutory?

From the fact that a declaration is debt on judgment it does not necessarily follow that a judgment by default is final. Under the common law of England, where the action was brought on a judgment, the plaintiff was generally considered entitled to a writ of inquiry, after a judgment by default, to recover interest by way of damages for the detention of the debt. 1 Tidd's Prac. (3rd Am. ed.) 573. Yet it was not the universal practice to award such a writ. In some instances a reference was made to the secondary or to the prothonotary to assess the damages, and in later years this seems to have become the prevailing practice. *Holdipp* v. *Otway*, 2 Saund. 106 and Notes; *Webb* v. *Webb*, 16 Vt. 636; *Smith* v. *Vanderhorst*, 1 McCord, (S. C.) 328.

Black on Judgments, § 21, says: "A final judgment is such a judgment as at once puts an end to the action by declaring that the plaintiff has or has not entitled himself to recover the remedy for which he sues. * * * * * A judgment which is not final is called 'interlocutory.' That is, if the amount of the recovery or damages remain to be ascertained by a writ of inquiry or other judicial method of computation, then the judgment is merely interlocutory, until such amount is settled and entered on the record."

Bouvier's Law Dictionary says: "Interlocutory judgments are such as are given in the middle of a cause upon some plea, proceeding or default which is only intermediate, and does not finally determine or complete the suit. Any judgment leaving something to be done by the court, before the rights of the parties are determined, and not putting an end to the action in which it is entered, is interlocutory."

In *Collins* v. *Paddington*, 5 Q. B. D. 368, it is said by Baggallay, L. J., that where any further step is necessary to

perfect an order or judgment it is not final but interlocutory.

By statutory provision when judgment is rendered otherwise than on the verdict of a jury, the judges of the court may, by themselves, by the jury in court, by report of the clerk, or by the report on oath of a person appointed by the court, ascertain the sum due. R. L. 1178, V. S. 1411. In the case under consideration, the court directed an assessment by the clerk, and in connection therewith ordered that the cause be continued for assessment of damages, and as to the trustee and claimant. As regards the damages, the effect of this order was that they should be ascertained by the clerk at the term to which the case was thus continued, unless there should be a further continuance for that purpose. After the damages were so assessed it then devolved upon the court to give final judgment thereupon at such time as the circumstances of the case should require. Hence, the action was not finally determined or completed in that respect. Further judicial action of the court was necessary to be directed to the question before final judgment could be entered of record.

Our holdings here are consonant to the rules of law governing the practice in actions by trustee process before laid down by this court. In such actions the judgment against the principal defendant in the suit, even though it be for a sum certain, does not make a final end of the case as to him, so that an execution can issue against him before the case has been determined as to the trustee.

In *Jones* v. *Spear,* 21 Vt. 426, the action was assumpsit for money had and received, and the trial was by the court. At the trial the plaintiff sought to recover only on a promissory note for one hundred dollars with interest. Judgment was rendered for the plaintiff to recover the amount due upon the note. At a subsequent term, the trustee moved to be discharged for the reason that judgment had been rendered

against the principal defendant and that the suit was thereby ended, as to the defendant, at the former term. The motion was overruled and, on exception by the trustee, the case was heard in this court. Upon a careful consideration of the decisions of this court hitherto made bearing upon the question, it was held that the case was not ended as to the principal defendant, nor could he be considered as out of court or disconnected with the case by having judgment rendered against him; but that such judgment must lie until the case should be legally determined as to the trustee. It is not conceivable how a judgment by default in an action of debt on judgment can be more specifically for a sum certain than was the judgment in that case for the amount due on the note. See also *Hapgood* v. *Goddard,* 26 Vt. 401.

We think it clear that the judgment of 1889 was merely interlocutory, that considering the status of the case as to the trustee and claimant, the continuance from term to term for assessment of damages was peculiarly fitting, and that at the September Term, 1902, final judgment was properly rendered of that term. It is equally clear in practice in this State that when final judgment against the principal debtor has been entered, execution may issue thereon by special leave of the court, while the action is still pending and undetermined as to the trustee. *Spring* v. *Ayer & Tr.,* 23 Vt. 516; *Bank* v. *Beattie,* 32 Vt. 315.

The question whether a writ of error will lie to review a judgment by default was not presented in argument nor have we considered it in the disposition of the case.

The action of *audita querela* between the same parties was heard in connection with this case. It involves, however, no questions that have not directly or indirectly been determined

on the writ of error. Whether *audita querela* will lie we do not consider.

*The judgment is affirmed in both cases.*