HOOD, Judge
(concurring in part, and dissenting in part).
In my opinion the petition filed by plaintiffs in this suit alleges a cause of action against the Parish School Superintendent, one of the defendants, in that plaintiffs allege that the superintendent had been legally directed by the School Board to enroll plaintiffs’ children in a certain school, that the action by the School Board was never legally rescinded, and that the superintendent has failed or refused to perform the ministerial duty of enrolling these children in that school in compliance with that directive. The respondent trial judge and counsel for defendants assert in the written briefs filed in this proceeding that the defendant School Board later rescinded that action at a regular meeting held on August 14, 1963. No reference to the August 14 meeting is contained in any of the pleadings filed by plaintiffs, however, so according to the pleadings, the last legal action taken by the School Board was to direct the Parish School Superintendent to perform the ministerial duties which plaintiffs here seek to compel him to perform.
Since the petition in its present form states a cause of action for the issuance of a peremptory writ of mandamus as to one of the defendants, I concur with the majority that an alternative writ of mandamus should be issued by the trial court directed to that defendant. At the hearing, of course, the question of whether the alleged action of the School Board was later rescinded may be an important factor to be considered in determining whether the writ should be made peremptory.
I disagree with the majority, however, in its apparent holding that the trial court is under a mandatory duty to issue an alternative writ of mandamus every time a litigant applies for one, even though the petition does not state a cause of action for any type of mandamus relief, or even if the action is directed against a party who is not subject to mandamus. (See LSA-C.C.P. Articles ’3861, 3863 and 3864).
Article 3865 of the LSA-Code of Civil Procedure provides that:
“Upon the filing of a petition for a writ of mandamus, the court shall order the issuance of an alternative writ directing the defendant to perform the act demanded or to show cause to the contrary.” (Emphasis added).
The majority places considerable emphasis on the use of the word “shall” in that article, and on the provisions of Article 5053 of the LSA-Code of Civil Procedure to the effect that the word “shall” is mandatory. I feel, however, that at least equal significance and importance should be attached to the words, "Upon the filing of a petition for a writ of mandamus/’ which are contained in the first part of the article. If the petition does not state a cause of action for the issuance of a peremptory writ *292 of mandamus, then I think it simply cannot be considered as “a petition for a writ of mandamus,” and the trial court would not be under a mandatory duty to issue an alternative writ of mandamus in response to such a pleading'. On the contrary, I think it is the duty of the court in such a case to refuse to issue the writ therein sought. I feel that the rule embraced by the majority, if allowed to stand, will lead to some absurd results. For example, in a suit against an individual on a promissory note, the plaintiff may demand a writ of mandamus ordering defendant to deliver the custody of his children to a third person or to demolish his home. Under the law, as interpreted by the majority, the trial court in such a case would be under a mandatory duty to issue an alternative writ of mandamus as prayed for, in spite of its absurdity. I do not believe the framers of our Code of Civil Procedure intended for Article 3865 to have any such effect.
The rule which seems to me to be universally applied, and the one which I think is consistent with sound logic and the provisions of LSA-C.C.P. Article 3865, it stated in 55 C.J.S. Mandamus § 314, page 551, as follows:

“An alternative writ is usually granted when the petition or affidavit makes a prima facie case therefor and the fads are in dispute and the legal right is not clear.

“The issuance of an alternative writ is not a matter of right, nor is a court required to grant it merely as an appropriate step in the proceedings. The granting of the writ is discretionary; but it is the usual practice to issue the writ when the petition or affidavit makes a prima facie case therefor and the facts are in substantial dispute and the legal right to mandamus is not clear. * * * An alternative writ will be denied where it appears that a peremptory writ-should not issue, thus avoiding delay and expense to the parties. * * * ” (Emphasis added).
In 34 Am.Jur., Mandamus, Section 37, pages 831 and 832, it is stated that:
“It is a fundamental principle that courts will not employ their coercive process to compel the doing of a useless thing. Particularly is this true with respect to such a summary and expeditious process as mandamus. The writ is invariably withheld where it would be unavailing, nugatory, or useless and its issuance an idle act. * * * So an inferior court will not be compelled by mandamus to issue an alternative writ of mandcvmus when, if issued, such writ would have to be quashed on final hearing and a peremptory writ denied." (Emphasis added).
And, in Ex parte McDanal, 32 Ala.App. 445, 27 So.2d 504 (1946; Cert. denied at 27 So.2d 507), the Alabama Court of Appeals held:
“Where the petition for mandamus shows a prima facie right, a rule nisi may be issued. (Citations omitted). Where the petition fails to show such prima facie right, there is no occasion for the issuance of the alternative writ, or rule nisi. * * * ” (Emphasis added).
The rules stated in the above-quoted authorities are the ones which I think are applicable here.
The Iberia Parish School Board and the individual members of that Board have also been named as defendants in this suit. The acts which plaintiffs seek to have performed, however, are not mere ministerial duties of the Board and its members, but they are acts which are completely within the authority and discretion of that Board. Insofar as these defendants are concerned, therefore, this is not an action against a “public officer to compel the performance of a ministerial duty required by law,” (See LSA-C.C.P. Article 3863), and clearly the petition does not state a cause of action as to these defendants. I accordingly feel that an alternative writ of mandamus should *293 not issue in this case directed to those defendants.
For the reasons herein set out, I concur in the decision of the majority that an alternative writ of mandamus should issue herein directed to the Parish Superintendent of Schools, one of the defendants, but I respectfully dissent from that portion of the judgment ordering the issuance of such an alternative writ directed to the remaining defendants.
On Application for Rehearing.
En Banc. Rehearing denied.
FRUGÉ and HOOD, JJ., are of the opinion that a rehearing should be granted.