CASEY *versus* BRIANT.

S. & P.
1 sp 51
112   637

Where the Judge, to whom a petition for a *certiorari*, is presented, deems the facts sufficient to authorise the issuance thereof; the Courts will not afterwards entertain motions to dismiss, on the ground that the facts set forth in the petition are insufficient.

In cases where a party undertakes the prosecution of a penal action, and sues in the name of himself, and of the State; it is competent for the Court to render judgment for all costs, against the informer, if he fails to maintain the action.

Although in cases under twenty dollars, the Courts are privileged to decide, without a jury, yet a cause will not be reversed, merely because the Court (without objection from the parties) left it to be determined by a jury.

This, being one of several *qui tam* actions, was brought by Casey before a Justice of the Peace of

Marion county, to recover of Briant, the tax collector of that county, the sum of twenty dollars, in each case, for not administering an oath to persons rendering in their list of taxable property. On the trial before the Justice judgment was rendered against the defendant in eight of the cases, who failing to appeal, afterwards took up the cases by *certiorari* to the County Court. A motion was made in the County Court to dismiss the *certiorari*, which being overruled, the cases were, by agreement, consolidated, and a verdict rendered in one of them, in favor of the defendant. A writ of error was subsequently taken to the Circuit Court in which was assigned the following reasons in favor of the reversal of the judgment of the County Court.

1st. That the County Court erred in granting the order for writs of *supersedeas* and *certiorari*.

2nd. That the defendant should have appealed.

3rd. That the defendant, in his petition, did not show any legal reasons to sustain it.

4th. That there was but one writ of *certiorari* and one *supersedeas* to bring up the eight cases, when there should have been one, for each.

5th. That there was no issue before the jury.

6th. That the trial should have been by the Court, and not a jury, the cases not exceeding twenty dollars, each.

7th. That the Court gave judgment against the plaintiff for full costs, he only being liable for half.

The Circuit Court, in considering the errors above assigned, affirmed the judgment of the County Court; and to reverse its decision, was the present case brought up.

*W. B. Martin*, for Plaintiff.

We contend that the *certiorari* should have been dismissed. One writ cannot bring up eight cases. The trial by jury should not have been extended to that case. We went into the trial without authority of law. There was no interest for the jury to compute. Again we insist there should have been a separate writ in each case; here there was but one writ and one petition.

The petition should shew merits, and here it shews none. The same shewing should be made, as in cases for a new trial. Why was not the appeal taken in due time? The reasons shewn, are entirely insufficient. The case was not brought up until half a year after the trial. Costs should have gone against all the parties to the record.

*Wm. Cooper*, contra.

The chief objection urged is, that there were eight cases, and that only one was filed. This is true, but there was a special agreement that all, should abide the decision of one.

As to the judgment for costs against one alone—true there is a statute, but it does not apply to such a case as this. Indeed I know of no case, like the present where judgment could have been rendered against the State.

*Martin* in reply. There is no provision exempting the State from costs. The costs are to be rendered against all the parties to the suit.

WHITE. J.—This, together with nine other cases, were commenced before a Justice of the Peace of Marion county, by John Casey, the plaintiff in error, who

sued as well for himself as the State, to recover of John Briant, the tax collector, twenty dollars in each case, a forfeiture for failing to administer the oath prescribed by statute to persons rendering a list of their taxable property. Judgments were rendered against the defendant in eight of the cases; he failed to appeal and afterwards removed them by *certiorari*, into the County Court. There was one petition, and but one writ, by virtue of which all the cases were removed. A motion was made in the County Court to dismiss for insufficiency apparent on the face of the petition. This was overruled, and a jury came, who gave a verdict for defendant, whereupon the Court rendered judgment against Casey the informer, for all the costs. A writ of error was prosecuted to the Circuit Court, where the judgment of the County Court was affirmed, and it is here said that this last judgment is erroneous. The errors assigned bring to our examination the proceedings of the County Court insisted on as errors in the Circuit Court, and there overruled, together with the inquiry, whether it was error in the latter Court to render judgment against the plaintiff in error for costs. As for the County Court overruling the motion to dismiss the *certiorari* for insufficiency appearing on the face of the petition, it has long been the established doctrine in this State, that the removal of causes from before a justice of the peace to a higher tribunal by *certiorari*, is nothing more than a substitute for an appeal by which another trial is had, and that if the Judge to whom the petition is presented, deems the facts stated, sufficient, the Courts will not afterwards entertain motions to dismiss. We cannot then say that there was error in overruling the motion to dismiss

because of the defendant's not assigning in his petition good cause for not appealing from the judgments of the magistrate.

The next error which I will notice is, that as the sum claimed was but for twenty dollars, the trial should have been by the Court, and not by the jury. It is true that the case might, and strictly speaking ought, to have been tried by the Court; but as the trial by jury is esteemed by our laws the most unexceptionable mode of ascertaining facts, and as a resort has been had to that method in the present case, without any objections on the part of the plaintiff, so far as we can learn from the record, he ought not now to be allowed to urge the exception. Nor can he sustain the error assigned, that there was in fact no issue joined; for if we were to admit the necessity of a formal issue in such a case, it was for the plaintiff who now complains, to have tendered that issue.

We believe also, there was no error in rendering judgment against the informer for all the costs. The law permitted him to sue in the name of himself and of the State, and partly for his own benefit. He undertook the prosecutions at his risk and upon his own responsibility, uncontrolled by any agency which the State could exert, and if he sued when he could not maintain his actions, nothing is more just than that he should pay the costs of his own rashness.

The only remaining question is as to the regularity of bringing all the cases into Court by one writ of *certiorari*, and the propriety of the Court entering judgments in the cases not tried, conformably to the decision of the one that was. This irregularity was cured, and the Court authorised to proceed in the

manner they did, as we think, by the agreement of the parties. After stating the judgment in the case tried, the record shews substantially that there had previously been an agreement by which the right cases were to be consolidated, and that the cases untried should follow the decision of the one that was; whereupon the Court proceeded to render judgment accordingly. The cases were not in fact consolidated; for if so, they would all have been tried as one. Then to give effect to the agreement, as the record exhibits it, unobjected to by the parties, we must suppose that all the cases were to be considered in Court for trial, but that to simplify and facilitate the proceedings, the decision of one, was to control that of the other.

The judgment is affirmed.

TAYLOR, J. not sitting.