# Washington *v.* Parker.

*Certiorari on Judgment of Justice of the Peace.*

| 60 | 447 |
| 112 | 637 |
|---|---|
| 60 | 447 |
| ₀132 | 586 |
| 132 | 587 |

1. *When certiorari lies on justice's judgment.*—When a cause is removed from a justice's court by *certiorari,* it should not be dismissed, because the right of appeal was not lost when the *certiorari* was sued out: the policy of the statutes is to secure a trial on the merits, whether the cause is brought up by appeal or *certiorari.*

APPEAL from the Circuit Court of Hale.

The record does not show the name of the presiding judge.

In this case, an attachment was sued out on the 13th April, 1876, before a justice of the peace, by Thomas Parker, against John Washington; and a judgment by default was rendered by the justice, on the 15th April, 1876. On the 17th April, 1876, the defendant sued out a *certiorari* before the probate judge, returnable into the Circuit Court, alleging that the judgment was rendered without personal notice to him. The papers having been sent up to the Circuit Court by the justice, in obedience to the *certiorari,* the cause was there struck from the docket, on motion of the plaintiff, on the ground that an appeal was the proper remedy, instead of a *certiorari;* and this judgment is now assigned as error.

[Westmoreland & Trousdale v. Foster.]

W. W. DUGGER, for appellant.

BRICKELL, C. J.—In practice, a *certiorari* and an appeal are not regarded as concurrent remedies for the revision, or, rather, a trial *de novo* in the Circuit Court, of causes which have been decided by justices of the peace. A *certiorari* has been regarded as a remedy to which the party could resort, after by the lapse of time the right of appeal had been lost. It has been said by this court, the *certiorari* should not be awarded, unless the petition avers a good reason for the failure to appeal.— *Wright v. Gray*, 20 Ala. 363. But, if granted without such averment, the cause cannot be repudiated by the Circuit Court, or the court to which it is returnable.— *Casey v. Bryant*, 1 St. & Port. 51; *Wright v. Gray*, *supra;* *Van Epps v. Smith*, 21 Ala. 317. The policy of the statutes is to favor a speedy trial of such causes on the merits, without regard to defects or irregularities in the proceedings before the justice, or a rigid scrutiny into the mode of their introduction into the higher court. The right to remove by *certiorari* is not by statute expressly confined to cases in which the right of appeal has been lost; and it would be in contravention of the well-defined policy to expedite the trial of such causes on the merits, to repudiate them, when introduced by *certiorari*, because it appears the right of appeal was existing. An appeal is the more convenient remedy, more often resorted to, and therefore, in practice, has been regarded as primary, and not as concurrent with *certiorari*. If the Circuit Court was right in repudiating the cause, the result would be, that on the rendition of its judgment, the appellant could immediately sue out a *certiorari*, and present the case by the same remedy, and in the same mode the court repudiated.

There was error in dismissing the cause; and the judgment must be reversed, and the cause remanded.