# Wright *v.* Hurt.

## *Action for Forcible Entry and Detainer.*

1. *Certiorari by probate judge, on judgment of justice of the peace; trial anew.*—A judge of probate has authority to grant a *certiorari* for the removal of a cause from a justice's court into the Circuit Court (Code, § 795); and the cause stands for trial *de novo* in that court, without regard to defects in the petition for the writ.

2. *Forcible entry and detainer; writ for restoration of possession, on reversal of justice's judgment.*—In an action of forcible entry and detainer, plaintiff having obtained judgment, and been placed in possession (Code, § 3387), after which the defendant removed the case by *certiorari* into the Circuit Court, where the judgment was reversed that court may issue a proper writ to restore the possession to the defendant.

[Wright v. Hurt.]

APPEAL from the Circuit Court of Russell.

Tried before the Hon. JESSE M. CARMICHAEL.

On September 19th, 1888, the appellant, Josephine Wright, recovered a judgment against the appellee, Wilson Hurt, in an action of forcible entry and unlawful detainer. On this judgment a writ of restitution was issued, and the plaintiff in the said cause was put in possession of the lot involved in this suit. On the 22d June, 1889, the defendant in said cause petitioned the Judge of Probate of Russell county to grant a writ of *certiorari*, directed to the magistrate before whom said judgment was recovered, requiring him to certify to the next term of the Circuit Court all the papers in the said action of unlawful detainer. The petition alleged the recovery of the aforesaid judgment, and based the petitioner's right to the writ prayed for, on the grounds that he had been in the actual possession and occupancy of said lot for more than four years prior to the commencement of the said action in the justice's court; that he went into lawful and peaceable possession of said premises by purchase from parties who had been in actual possession of the said lot for more than ten years prior to the commencement of the said suit. The petition then alleged that the said judgment was rendered against the petitioner, the defendant therein, without his being apprised of the time of the holding of said court, and he was not, therefore, present, and was not represented by his counsel, who was in a different portion of the State at the time of trial.

The petitioner executed and filed a sufficient bond at the time he filed the said petition. The probate judge awarded the writ of *certiorari;* and upon the hearing of the cause in the Circuit Court, the plaintiff in the said suit demurred to the petition for *certiorari* and moved that the said petition be dismissed, on the ground that the petition shows that the judgment from the justice's court has been duly enforced and carried into execution and can not be revived or reversed, because the judge of probate of said county had no authority to issue a *certiorari* in this case returnable to the Circuit Court of said county; and because no legal or equitable reason is alleged in said petition why the petitioner did not appear and plead in the said cause. The court overruled the demurrer and the motion to dismiss the petition. On issue joined between the parties, the jury returned a verdict for the defendant. In pursuance of this verdict, judgment was rendered for the defendant, and in entering said judgment, the court ordered, in behalf of the defendant, a writ of restitution for the premises of which he had been dispossessed by the process issued from the justice's court. On this appeal, prosecuted

[Wright v. Hurt.]

by the plaintiff in the said suit, the rulings of the court on the demurrer, and the rendition of the judgment, are assigned as error.

A. A. DOZIER, for appellant.—Judge of probate had no authority to issue *certiorari.*—Code, § 795; *Carner v. Carner,* 3 Ala. 524. No reason was shown why appeal was not taken, and, therefore, *certiorari* should be dismissed.—Code, § 3398; 77 Ala. 584; 20 Ala. 363; 19 Ala. 239; 12 Ala. 578. The court erred in rendering the judgment.—Freeman on Judgments, §§ 116, 117, 133, 135; *Steel v. Palmer,* 41 Miss. 89; *Paterfield v. Butler,* 47 Miss. 170.

No counsel marked for appellee.

WALKER, J.—The forcible entry and detainer of land is, under our statute, to be redressed by a civil proceeding before a justice of the peace, *Welden v. Schlosser,* 74 Ala. 355; and the judge of probate has authority to grant a writ of *certiorari* on a judgment rendered by a justice of the peace in such a proceeding, returnable to the next Circuit Court of the County. Code of 1886, § 795. The writ operates to remove the case into that court for a trial *de novo.* It has long been settled in this State that, if the judge to whom a petition is presented deems the statement of facts therein sufficient to show an excuse for failing to take an appeal, and accordingly orders the issuance of the writ, the case is thereupon to be treated as effectually removed to the Circuit Court for a new trial; and that court will not afterwards entertain a motion to dismiss on account of defects in the petition, even though the petition does not in fact show a good reason for the failure to appeal. *Washington v. Parker,* 60 Ala. 447; *Wright v. Gray,* 20 Ala. 363; *Case v. Briant,* 1 S. & P. 51. In *Washington v. Parker, supra,* it was said: "The policy of the statutes is to favor a speedy trial of such causes on the merits, without regard to defects or irregularities in the proceedings before the justice, or a rigid scrutiny into the mode of their introduction into the higher court." The action of the Circuit Court in refusing to dismiss the *certiorari* on account of alleged defects in the petition was but an application of the statutory rule in favor of retaining the case, without regard to such defects, in order to secure to the complaining party the benefit of a new trial in a higher court than that of a justice of the peace. Its action in this regard was not erroneous.

The plaintiff recovered judgment before the justice and, under a writ issued on this judgment, was put in possession of

[Wright v. Hurt.]

the land before the defendant sued out and obtained his writ of *certiorari*. On the trial in the Circuit Court judgment was rendered for the defendant, and, as a part of this judgment, it was ordered that a writ issue to the sheriff directing him to place the defendant in possession of the premises which were then held by the plaintiff. It is now urged that the Circuit Court had no power to order such restoration of possession. It is true that the statute does not expressly provide for such a contingency. The absence of express statutory provision on this subject has not, in other jurisdictions, been regarded as precluding the courts from enforcing a restoration of possession in such a case. Forcible entry and detainer was a public offense under the English statutes; yet it was held that the higher courts, giving an equitable construction to the statutes, should grant a re-restitution to a defendant who had been deprived of possession by a writ of restitution illegally awarded or executed.—4 Bacon's Abridgment, 334; *Rex v. Jones*, 1 Strange, 474; *King v. Wilson*, 3 A. & E. 229. In *Commonwealth v. Bigelow*, 3 Pick. (Mass.) 31, it was held that where a writ of restitution in a process of forcible entry has been executed, and the proceedings are afterwards quashed upon *certiorari*, the court has power to award a writ of re-restitution. In reply to the suggestion that the statute made no provision for such a writ it was said, "that it would be nugatory to quash the proceedings unless such a writ should be granted and that in many instances where the statutes give a remedy, without providing for a writ by which it is to be effected, the court nevertheless awards a suitable process." In California it has been held, without reliance on any statute to this end, that a defendant in a forcible entry and detainer proceeding, who had been put out of possession under a judgment against him before a justice of the peace and in whose favor a judgment was rendered in a higher court to which the case was taken by appeal, could be restored to possession by a writ of restitution; and the right of the higher court to award such writ was rested upon the proposition that the power to pass upon the questions involved carries along with it, as a general rule, the power to make the decision effectual for the purpose for which it was made.—*Kennedy v. Hamer*, 19 Cal. 374. In deciding that restoration to possession should have been secured in a judgment for a defendant who had been evicted on process from a justice of the peace before whom the case was first tried, it was said, in a North Carolina case: "The defendant having been put out of possession by an abuse of the process of the law, the law must be just to itself as well as to the defendant by restoring him to that of which he was

[Wright v. Hurt.]

wrongfully deprived."—*Perry v. Tupper*, 71 N. C. 385.   Upon
like grounds other courts, without being impelled to such de-
termination by statutory requirement, have recognized the
right of a defendant in such case to a restitution of possession.
6 Lawson's Rights, Remedies and Practice, § 2889; 8 Am. &
Eng. Encyc. of Law, 178.   In a case of forcible entry or un-
lawful detainer brought by appeal or *certiorari* from the judg-
ment of a justice of the peace the right of the defendant to
have a trial *de novo* in the court to which the case is removed
by him is not, by our statutes, made dependent upon the exe-
cution of the bond necessary to prevent the issue of a writ of
restitution against him.   He may secure a new trial in the
Circuit Court without giving such bond.—Code of 1886,
§§ 3400, 3401, 3405.   His failure to give the bond provided
for by § 3401 of the Code, does no more than deprive him of
the right to retain the property pending the appeal.   Upon
giving the bond prescribed by the officer granting the writ of
*certiorari*, as provided by § 3400, the possessory action is
effectually removed into the court to which the writ is made
returnable to be there tried anew.   The statute certainly con-
templates that the result of such new trial shall be an effectual
determination of the suit.   If in such case the issues are de-
termined for the defendant in the higher court, the judgment
to be rendered thereon would be wholly abortive unless thereby
the plaintiff could be required to give up the possession ob-
tained by the wrongful decision of the justice of the peace.
Certainly, it was not intended by the law makers, that the
Circuit Court should have full power to try this purely pos-
sessory action and finally determine the rights of the parties,
and yet be wholly without power to control the possession of
the property in suit.   Such a result would deprive defendant's
remedy by appeal or *certiorari* of all beneficial operation.
The purpose of affording such remedy is to protect his right of
possession.   This purpose is completely thwarted if the exe-
cution of the unauthorized judgment of the justice of the peace
can have effect to remove the subject-matter of the suit beyond
the grasp of the higher court into which the case is removed
for a new trial.   The right of the court in such case to control
the possession and by appropriate writ to secure to the de-
fendant the dominion of the property to which he is adjudged
entitled is necessarily involved in the statutory grant of juris-
diction to try such possessory action and to finally determine
the rights of the parties thereto.   A power which is essential
to the beneficial exercise of a jurisdiction plainly conferred
can not be regarded as withheld.   This court has several times
recognized the rule, that, on the reversal of a judgment, a

[Ex parte Shear.]

party thereto who had received money or property on the reversed judgment, will, by an order entered in the same case, be compelled to make restitution to the other party for what he has lost.—*Ex parte Walter Brothers*, 89 Ala. 237; *Marks v. Cowles*, 61 Ala. 303. The right of the Circuit Court in this case to put the defendant in *statu quo* by means of a writ of restitution seems to be even more plainly supported by principle in that its recognition is necessary to avoid the anomaly of a judgment which solemnly determines the right of possession, which is the subject-matter of the suit, to be in one party and yet leaves that possession to be enjoyed by the party who sued therefor and whose claim is rejected; the upshot of which would be that the losing party, by process erroneously issued in that very case, gets and retains in fact what he has sued for and failed to recover in law. Such impotency is not to be imputed to a court clothed with full powers to determine the rights of the parties in the premises. A jurisdiction conferred by statute is not to be so narrowed by construction as to put it in the power of a party to a cause to render the judgment therein wholly nugatory. We are satisfied that the Circuit Court was authorized to undo what had been done under the process issued on the unwarranted judgment of the justice of the peace, and that the writ of restitution was an appropriate method of accomplishing this result.

Affirmed.