# Smith *v.* Atlanta Guano Co.

*Statutory Certiorari from Judgment of Justice of the Peace.*

[Decided February 4, 1902.]

1. *Dismissal of appeal from justice court; statutory certiorari.*
   The fact that an appeal from a judgment of a justice of the
   peace was dismissed by reason of a defect in the appeal bond
   will not justify or authorize the dismissal of a subsequent
   statutory *certiorari* by which the case was removed into the
   circuit court.

APPEAL from Madison Circuit Court.
Tried before Hon. H. C. SPEAKE.

J. H. BALLENTINE, for appellant.

TANCRED BETTS, for appellee.

DOWDELL, J.—The present appeal is prosecuted
from a judgment of the circuit court dismissing the ap-
peal which was taken to that court by the statutory
*certiorari* from the justice court. The ground of the
motion for the dismissal in the circuit court was that
the circuit court had dismissed a former appeal in said
cause on account of a defect in the security or bond for
said appeal, and the former judgment of dismissal was
the sole ground for dismissal of the present *certiorari*
proceedings.

In the case of *Washington v. Parker,* 60 Ala. 447, the
*certiorari* was sued out within the five days, the time
prescribed in the statute for taking an appeal from a
justice to the circuit court, and the circuit court on mo-
tion dismissed the *certiorari* because it was sued out

[Anniston Loan & Trust Co. v. Stickney.]

before the right of appeal had been lost. This court reversed the action of the circuit court in that case, and in doing so said: "If the circuit court was right in repudiating the cause, the result would be that on the rendition of its judgment the appellant could immediately sue out a *certiorari* and present the case by the same remedy and in the same mode that the court had repudiated." We think this is a complete answer to the question as to the judgment of dismissal of the former appeal being a bar to the second. And on the authority of that case, *Washington v. Parker, supra,* the judgment of the circuit court will be reversed and the cause remanded. We speak of it as an appeal, because it is nothing more nor less than appeal by indirection. The proceedings are removed by this writ into the circuit court where the trial is had *de novo* just as on direct appeal.

Reversed and remanded.