(87 South. 840)

### BIRMINGHAM REALTY CO. v. CITY OF BIRMINGHAM. (6 Div. 136.)

(Supreme Court of Alabama. Feb. 3, 1921.)

**1. Municipal corporations ⬤⟹512(1) — Street improvement assessment not reviewable by statutory certiorari; "judges of inferior courts."**

Under Code 1907, § 3259, relative to common-law writs of certiorari, section 5430, relative to statutory certiorari directed to justices of the peace, Const. 1901, § 168, providing for inferior courts in lieu of justices of the peace, and Gen. Acts 1915, p. 941, authorizing circuit court judges, etc., to grant writs of certiorari directed to recorders, justices of the peace, and "judges of inferior courts," a circuit judge cannot issue a statutory writ of certiorari to the board of commissioners of a city to review a street improvement assessment, though the board was exercising judicial functions.

**2. Evidence ⬤⟹16—That councilmen and city commissioners not referred to as "judges of inferior courts" is matter of common knowledge.**

It is a matter of common knowledge that in common parlance neither town councilmen nor city commissioners are referred to as "judges of inferior courts."

**3. Certiorari ⬤⟹14—Writ may be granted to "inferior courts" such as those established in lieu of justices of the peace.**

Gen. Acts 1915, p. 941, authorizing the grant of writs of certiorari to recorders, justices of the peace, and judges of "inferior courts," refers to those inferior courts established pursuant to Const. 1901, § 168, in lieu of justices of the peace.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Inferior Courts.]

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Certiorari by the Birmingham Realty Company against the City of Birmingham to review an assessment for a street improvement levied by the City against the property of the Realty Company. The City's motion to quash and annul the certiorari was granted, and the Realty Company appeals. Affirmed.

London, Yancey & Brower, of Birmingham, for appellant.

The granting of the writ vacated the order of the commission, and removed the cause to the circuit court, and that court could not properly quash or dismiss the certiorari because of defects in the petition. 92 Ala. 591, 9 South. 386; 112 Ala. 632, 21 South. 313; 1 Stew. & P. 51; 21 Ala. 317; 77 Ala. 584; 197 Ala. 683, 73 South. 371. The right to remove by certiorari is not confined to cases in which the right of appeal has been lost, and should not be dismissed because the right of appeal had not been lost when the certiorari was asked for. 60 Ala. 447. In hearing and determining objections and fixing the amount of the assessment, the city commission was a court. Section 139, Const. 1901; sections 1378, 1382, 1384, 1389; 198 Ala. 293, 73 South. 509; 185 Ala. 146, 64 South. 73; 162 Ala. 565, 50 South. 356; 178 Ala. 198, 59 South. 173, Ann. Cas. 1915B, 746; 12 Ind. 569; 79 Ind. 373; Acts 1915, p. 941.

Fred G. Moore and Graham Perdue, both of Birmingham, for appellee.

The authority to grant the statutory writ is conferred only on judges of probate. Section 5432, Code 1907; 116 Ala. 654, 22 South. 973; 160 Ala. 374, 49 South. 341; 6 Ala. App. 236, 60 South. 555; 132 Ala. 587, 31 South. 465; 160 Ala. 374, 49 South. 342; Acts 1915, p. 941. Prior to the enactment of this act, appellant certainly would not have been entitled to the writ. 55 Fla. 847, 47 South. 18;

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes    .

74 Fla. 399, 77 South. 88; 187 Ala. 637, 65 South. 954.

GARDNER, J. An ordinance was adopted by the board of commissioners of the city of Birmingham for grading and paving Clairmont avenue through the property of appellant; the cost of construction to be assessed against the property abutting on said highway so improved. Protest was duly filed against the proposed assessment, which was overruled, and the total cost of improvement assessed against the abutting property. Proper appeal was not perfected by the realty company within the time prescribed by the statute, and application was made to one of the circuit judges of Jefferson county for a statutory certiorari to be issued for the removal of said proceedings to the circuit court. Upon consideration of said application the circuit judge ordered the issuance of certiorari and supersedeas.

The causes were duly docketed in the circuit court, and when called for trial the city of Birmingham entered a formal motion to quash the writ of certiorari upon numerous grounds, among them that the petition shows that it is not a case for the issuance of a statutory certiorari, and that the circuit judge was without authority in issuing the same. The motion was granted, and it was ordered that the certiorari be quashed, and that procedendo issue, and from this judgment the realty company prosecutes this appeal.

[1] The controlling questions here presented relate to the authority of one of the circuit judges of Jefferson county to order the issuance of a statutory certiorari directed to the board of commissioners of the city of Birmingham. It is not questioned that the authority granted circuit judges under section 3259 of the Code of 1907 to grant writs of certiorari relate to the common-law writ, and that under the Code the issuance of statutory certiorari was confined to the probate judge directed to a justice of the peace for the review of any civil judgment rendered in said justice court. Section 5430, Code 1907.

It is contended, however, by counsel for appellant that the authority for the circuit judge to grant the writ directed to the board of commissioners of the city of Birmingham is rested upon the act approved September 28, 1915 (Gen. Acts 1915, p. 941), which provides as follows:

"That chancellors, judges of circuit courts, city courts and courts of like jurisdiction as the circuit courts, shall have authority to grant writs of certiorari directed to recorders, justices of the peace and judges of inferior courts in all cases where appeals lie from such recorder's courts, inferior courts and justice courts to the circuit court and courts of like jurisdiction, in like manner and with like effect as probate judges are now authorized to grant such writs to justices of the peace."

The argument is made that the city commissioners in fixing the amount of assessment were in the exercise of a judicial function (City of Birmingham v. Wills, 178 Ala. 198, 59 South. 173; Decatur Land Co. v. City of New Decatur, 198 Ala. 293, 73 South. 509), and that therefore such constituted an inferior court within the meaning of the foregoing act.

The case therefore turns upon the proper construction of this act, with particular reference to the meaning of the words "judges of inferior courts." To ascertain the legislative intent we should take into consideration the law before the act was passed, and what defect was intended to be remedied. Southern Express Co. v. Brickman, 187 Ala. 637, 65 South. 954.

A proceeding by statutory certiorari issued from the probate court directed to the justice of the peace was for the purpose of bringing up the proceedings for review in the circuit court for trial de novo, and, in fact, constituted, as stated in previous decisions, "nothing more or less than an appeal by indirection." Winkler v. Courson, 160 Ala. 374, 49 South. 341; Gray v. South. Ry. Co., 116 Ala. 654, 22 South. 973; Pitard v. McDowell, 6 Ala. App. 236, 60 South. 555.

This authority, as previously stated, was confined to the probate judge to be directed to a justice of the peace. Section 168 of the Constitution of 1901 contains provisions for the establishment of inferior courts in lieu of justices of the peace in certain specified instances, and, following this constitutional provision, such inferior courts have by the Legislature from time to time been established. A number of these courts were established by the Legislature in 1915 prior to the passage of the above-cited act.

The insistence on the part of appellant would lead to a construction of this act as giving to the circuit court judges authority to grant statutory writs of certiorari, thereby authorizing appeals by indirection to all courts exercising inferior jurisdiction to that of the circuit court where appeals would lie from such court to the circuit court. We are unable to agree with this construction. If the Legislature had so intended, the general language would, we think, have been employed; but this was not done. On the contrary, the act specifies and names the officials to whom the writs are to be directed; that is, to "recorders, justices of the peace and judges of inferior courts."

[2, 3] While the city commissioners in fixing the amount of assessment in the instant case were in the exercise of judicial function, yet this cannot be given controlling importance in construing the language "judges of inferior courts." It must be recalled that the same judicial function is exercised by the town councilmen, and we think it a matter of common knowledge that neither town councilmen nor city commissioners are referred to as judges of inferior courts. Most clearly in common parlance they are not so designated. We are of the opinion that the

expression "judges of inferior courts" makes a clear reference to judges of those courts established pursuant to section 168 of the Constitution, and that this was the legislative intent in the passage of the foregoing act. These courts were established in lieu of justices of the peace, and are referred to in the Constitution as inferior courts, as well as in the numerous acts establishing the same. We think, by the foregoing words, the Legislature merely intended to extend the writ of statutory certiorari to these newly created inferior courts, just as it had always existed as to the justices of the peace, and gave expression to this intention by the words "judges of inferior courts."

We therefore conclude that the circuit judge was without authority to issue a statutory writ of certiorari to the board of commissioners of the city of Birmingham, and that the same was properly quashed.

It results that the judgment appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, and MILLER, JJ., concur.