27 So.2d 504

**Ex parte McDANAL.**

**6 Div. 333.**

Court of Appeals of Alabama
June 4, 1946.

Rehearing Denied June 25, 1946.

M. B. Grace, of Birmingham, for petitioner.

HARWOOD, Judge.

By the petition in this case it is sought to compel Hon. C. B. Smith, as one of the judges of the Circuit Court of Jefferson County, to vacate an order made by him overruling the petitioner's motion to quash a writ of certiorari, theretofore granted by Hon. J. Russell McElroy, another of the judges of said circuit, to the Intermediate Civil Court of the City of Birmingham in a case wherein the petitioner was plaintiff and the National Casualty Company was defendant.

From the petition and its exhibits it appears that the plaintiff, petitioner here, had a judgment in her favor, in the Intermediate Civil Court, on August 30, 1944. Defendant filed a motion for a new trial which was on September 9, 1944, overruled. The defendant did not, within the time allowed, perfect an appeal from said judgment, but on October 5, 1944, filed a petition in the circuit court for a writ of certiorari to the judge of the Intermediate Civil Court, on which the writ was duly issued on October 10, 1944. The writ was served upon the judge of the Intermediate Civil Court October 11, 1944, and said judge, in obedience to the writ, forwarded all papers in the case to the circuit court where the case was docketed. On the same date, October 11, a "notice of appeal" was issued out of the Intermediate Civil Court, and was served upon the plaintiff, petitioner here, on October 16th, 1944. On May 21, 1946, plaintiff, petitioner, made and filed in the circuit court a motion to quash said writ of certiorari, which motion was presented to the respondent, Judge Smith, who, on May 22, 1946, after hearing and argument, denied said motion to quash.

Mandamus is an extraordinary legal remedy only to be granted where there is a clear specific legal right for enforcement of which there is no other adequate remedy. Ex parte Brandon, 243 Ala. 610, 11 So.2d 561; Poyner v. Whiddon, 234 Ala. 168, 174 So. 507.

Where the petition for mandamus shows a prima facie right, a rule nisi may be issued. Board of Education v. State, 222 Ala. 70, 131 So. 239; Code 1940, Tit. 7, § 1073; Bryce v. Burke, 172 Ala. 219, 55 So. 635. Where the petition fails to show such prima facie right, there is no occasion for the issuance of the alternative writ, or rule nisi. Since the petition in this case fails to show a prima facie right—as we shall presently demonstrate—we have not ordered the issuance of a rule nisi.

The record shows that the Intermediate Civil Court made return to the writ of certiorari October 11, 1944. Not until May 21, 1946, somewhat more than one year and seven months thereafter, did the petitioner present her motion to quash the writ. What, if anything, may have been done in the case as docketed in the circuit court, during this long interval between the return and the motion to quash, is left to conjecture. Whether or not there was an appearance anterior to the motion to quash which would have operated as a waiver of the

right to file the motion (U. S. Health & Accident Ins. Co. v. Hill, 9 Ala.App. 222, 62 So. 954) does not appear. The petitioner makes no explanation of or excuse for this long delay. A motion to quash an appeal must be made at the first session at which it can be made, and not afterwards. Rule 13, Circuit and Inferior Courts, Code, Title 7, p. 1027. The same rule, obviously, would apply to the statutory writ of certiorari resorted to after right of appeal from justice court, or court of like jurisdiction, under Code, Title 13, Section 478. Laches of the petitioner, in delaying the motion to quash for one year and seven months, was fatal to the relief sought, in the absence of any excuse for such delay. Henderson v. Henderson, 66 Ala. 556; Berry v. Perry, 81 Ala. 103, 1 So. 118.

 Petitioner's chief contention, as we gather from the petition, is that she was not given notice of the issuance of the writ by the circuit court to the Intermediate Civil Court; in short, that "notice of appeal" was not the equivalent of "notice of writ of certiorari." Since statutory certiorari is nothing more or less than an appeal by indirection, the proceedings being removed from the justice court by this writ into the circuit court, where the trial is had de novo as on direct appeal, Ayers v. Barbour, 19 Ala.App. 470, 98 So. 34; Roddam v. Brown, 201 Ala. 109, 77 So. 403, a notice that defendant has appealed, duly served upon the plaintiff, and complying with other requirements, is a sufficient notice that defendant has applied for and obtained a statutory writ of certiorari.

We may observe that the act creating the Intermediate Civil Court of the City of Birmingham vests that court with the jurisdiction, in civil matters, of justices of the peace and, among other things, provides: "Certioraris from judgments of this court may be granted by judges of the Circuit Court and trials de novo had in the Circuit Court for the same causes, and upon the same conditions and according to the same procedure as apply to statutory certioraris from judgments of justices of the peace * * *." Local Acts 1935, p. 219 et seq., Section 21. The procedure followed by the

defendant in the Intermediate Civil Court, in moving for and obtaining the writ of certiorari, was under and in accordance with Code, Title 13, Section 478, which, among other things fixes the time for removal of a case by certiorari from the justice court at six months from the date of the judgment.

It follows, therefore, that the petitioner is not entitled to the relief she seeks, and it is ordered that the rule nisi be denied and the petition dismissed.

Rule nisi denied; petition dismissed.

### On Rehearing.

HARWOOD, Judge.

In his brief on application for rehearing in this case, counsel for petitioner strenuously argues for error in our original decision denying the rule nisi and peremptory writ. It is urged that certiorari may not be made to take the place of an appeal, and that the application made to the circuit court for a writ of certiorari to the intermediate civil court contained no proper ground for the issuance of the writ. Upon this premise counsel for petitioner reaches the conclusion that the order of the circuit judge granting the petition for certiorari to the intermediate civil court was and is absolutely void and could be questioned at any time.

██ In our original opinion we cited the case of Ayers v. Barbour, 19 Ala.App. 470, 98 So. 34, and that of Roddam v. Brown, 210 Ala. 109, 77 So. 403, as authority for the proposition that "statutory certiorari is nothing more or less than an appeal by indirection." By this citation it was intended to point out the distinction between common-law certiorari and statutory certiorari, as the proceeding applicable to judgments of justice of the peace court is referred to in the decisions. Other cases taking account of this distinction might have been added, among them Washington v. Parker, 60 Ala. 447; Smith v. Atlanta Guano Co., 232 Ala. 586, 31 So. 490; Max J. Winkler Brokerage Co. v. Courson, 160 Ala. 374, 49 So. 341. In Washington v. Parker, supra, it was said per Brickell, C. J.: "In practice, a certiorari and an appeal

are not regarded as concurrent remedies for the revision or, rather, a trial de novo in the circuit court, of causes which have been decided by justices of the peace. A certiorari has been regarded as a remedy to which the party could resort, after by the lapse of time the right of appeal had been lost. It has been said by this court, the certiorari should not be awarded, unless the petition avers a good reason for the failure to appeal. * * * But if granted without such averment, the cause cannot be repudiated by the circuit court, or the court to which it is returnable. * * * The policy of the statutes is to favor a speedy trial of such causes on the merits, without regard to defects or irregularities in the proceedings before the justice, or a rigid scrutiny into the mode of their introduction into the higher court. The right to remove by certiorari is not by statute expressly confined to cases in which the right of appeal has been lost; and it would be in contravention of the well-defined policy to expedite the trial of such causes on the merits, to repudiate them, when introduced by certiorari, because it appears the right of appeal was existing."

■ We do not find that the foregoing decision has been in anywise departed from, but to the contrary has been affirmed, by name or by principle, in subsequent decisions, among them those cited supra. The statute now appearing as section 478, Title 13 of the Code of 1940, is the same in substances as those extant at the time of the decisions hereinabove cited, with the exception that the limitation of six months in which to bring certiorari appears to have been added by the Code Committee of 1907. What is said above, in quotation from the case of Washington v. Parker, is adverse to the insistence that the order of the circuit court granting certiorari to the intermediate civil court was null and void. Such order not being of the class of "void judgments," it was encumbent upon petitioner to move seasonably to quash the writ, as pointed out in our original decision hereinabove.

The application for rehearing is due to be, and it is, overruled.

Rehearing overruled.