65 So.2d 214

**Ex parte SNEDDEN.**

**6 Div. 654.**

Court of Appeals of Alabama.

April 21, 1953.

159

Robt. S. Gordon and Chas. Cleveland, Birmingham, for petitioner.

Thos. E. Huey, Jr., Judge, respondent.

CARR, Presiding Judge.

C. R. Snedden instituted suit against the Sorrowful Jones Trading Post, Inc. in the Intermediate Civil Court of Birmingham. The trial resulted in a judgment in favor of the plaintiff. The defendant filed a motion for a new trial. The motion was set for hearing and overruled.

Twenty-seven days after the ruling on the motion, the defendant presented to the Honorable Thomas E. Huey, one of the judges of the tenth judicial circuit of Alabama, a petition for a statutory writ of certiorari. In pertinent parts the petition alleges:

"* * * that said judgment was erroneous, unjust and unwarranted in this that defendant is not indebted to plaintiff in any amount and Petitioner did not take an appeal from said judgment within the time prescribed by law, because:

"That a motion for a new trial was filed within ten days and set for hearing on the 7th day of November. That said motion was submitted to the Court without argument and without counsel for either side being present. That counsel for defendant was not notified of the ruling on said motion and by the time that he was informed of the overruling of the motion that the time for appeal had expired."

The judge granted the writ according to the prayer of the petition.

Nineteen days later the plaintiff in the Intermediate Civil Court filed a motion to quash the writ of certiorari. Judge Huey overruled the motion.

On February 23, 1953, C. R. Snedden presented in this court an original petition for mandamus to require or have us order the judge of the circuit court to set aside the following judgment:

"Upon the petitioner entering into bond, with surety, for the amount of Two hundred Seventy-five ($275.00) Dollars, payable to C. R. Snedden and approved by you, and conditioned according to Law, let Supersedeas and Certiorari issue, according to the prayer of the petitioners."

Act No. 564, Sec. 5, Regular Session 1949, p. 892, provides in part:

"That an appeal may be taken from judgments of said Court according to the procedure now provided by law within ten days from final judgment."

Reference is here made to appeals from the Intermediate Civil Court of Birmingham.

There is no provision in the act relating to certiorari. This omission does not destroy the rights granted by the general laws pertaining to statutory certiorari.

In the early case of Casey v. Briant, 1 Stew. & P. 51, the court held in effect that the removal of a cause from the inferior court to a higher tribunal by certiorari is a substitute for an appeal, and, if the judge to whom the petition is addressed

160

deems that the facts stated are sufficient to warrant the issuance of the writ, the appellate courts will not disturb this order.

 This authority was cited and followed in Wright v. Gray, 20 Ala. 363. In the latter case the court had this to say:

"Upon looking into the petition, we find no cause or excuse set forth, why the plaintiff in error, who was also plaintiff below, did not appeal from the judgment of the justice of the peace against him; and for this reason, the prayer for a certiorari should have been refused. But when a certiorari is awarded, even if it be upon a petition not setting forth such a state of facts as would properly justify its issuance, the Circuit Court, in pursuance of the plain requirements of the statute, must proceed with the trial de novo, without regarding the defects in the petition."

This view has been consistently adopted in several subsequent cases. See, Van Eppes v. Smith, 21 Ala. 317; Washington v. Parker, 60 Ala. 447; Grantham v. Payne, 77 Ala. 584; Wright v. Hurt, 92 Ala. 591, 9 So. 386; Guscott v. Roden & Co., 112 Ala. 632, 21 So. 313; Smith v. Atlanta Guano Co., 132 Ala. 586, 31 So. 490.

The fairly recent case of Ex parte McDanal, 32 Ala.App. 445, 27 So.2d 504, presented a factual foundation almost identical with the one in the case at bar. We applied the doctrine of laches and dismissed the mandamus petition.

Judge Harwood authored the opinion for this court. At some length he discussed the rules applicable to statutory certiorari.

The logical effect of the conclusions we reached was that if the motion to quash the writ had been seasonably filed this court would not have disturbed the action of the circuit judge if he had overruled it.

 It appears that the authorities do not support the position of the petitioner.

It is ordered, therefore, that the petition for writ of mandamus be denied.

Writ denied.