248 So.2d 736

**Lonnie L. WALKER**

v.

**Vincent F. KILBORN, Willis C. Darby, Jr., et al. Doing Business as Kilborn, Darby & Kilborn.**

**1 Div. 39.**

Court of Civil Appeals of Alabama.

May 26, 1971.

Don Conway, Mobile, for appellant.

Kilborn, Darby & Kilborn, and Walter G. Cole, Jr., Mobile, for appellees.

issue the statutory writ of certiorari to the Court of General Sessions of Mobile County.

The authority for statutory certiorari referred to is found in Title 13, Section 478, Code of Alabama 1940. The purpose of the statutory writ is to secure review by trial de novo in the circuit court after right of appeal is lost. It has been designated as an appeal by indirection. Ex parte McDanal, 32 Ala.App. 445, 27 So.2d 504; Dearborn Stove Co. v. Dean, 269 Ala. 561, 115 So.2d 258.

The writ was originally available only in cases arising in justice of peace courts and was authorized to be issued only by the judge of probate. Title 13, Section 297, Code of Alabama 1940. In 1915 the legislature enacted Section 184, Title 13, which is as follows:

"Section 184. Certiorari, writs of; by whom granted.—Judges of circuit courts, and courts of like jurisdiction as the circuit courts, may grant writs of certiorari directed to recorders, justices of the peace, and judges of inferior courts in all cases where appeals lie from such recorder's courts, inferior courts, and justice courts to the circuit court and courts of like jurisdiction in like manner and with like effect as probate judges are now authorized to grant such writs to justices of the peace."

This section expanded the authority to grant statutory writs of certiorari from the probate judge to circuit judges. It further expanded the courts to which it could be issued from justice courts to inferior courts and recorders' courts.

The question was then presented as to what inferior courts were included by the provisions of Section 184. The Supreme Court supplied the answer to that question in the case of Birmingham Realty Co. v. City of Birmingham, 205 Ala. 278, 87 So. 840 (1921), when it said as follows:

"* * * We are of the opinion that the expression 'judges of inferior courts'

**WRIGHT, Judge.**

This matter originated by suit on account filed in the Court of General Sessions of Mobile County against appellant, Lonnie L. Walker. After judgment against him and expiration of time for appeal from the judgment to circuit court, appellant filed in the Circuit Court of Mobile County a petition for a statutory writ of certiorari.

Upon presentation of the petition, together with bond, a judge of the circuit court granted the petition and writ of certiorari was issued to the Court of General Sessions.

The record was certified and notice was given to plaintiff below, Kilborn, Darby & Kilborn, appellees here. Appellee filed motion to quash the writ of certiorari. The motion was argued and submitted. Subsequently, judgment was entered granting the motion to quash and the matter was directed to be returned to the Court of General Sessions. This appeal was taken from the judgment of the circuit court on the motion to quash.

The primary and pivotal question presented for our consideration is whether the Circuit Court of Mobile County may

makes a clear reference to judges of those courts established pursuant to section 168 of the Constitution, and that this was the legislative intent in the passage of the foregoing act. These courts were established in lieu of justices of the peace, and are referred to in the Constitution as inferior courts, as well as in the numerous acts establishing the same. We think, by the foregoing words, the Legislature merely intended to extend the writ of statutory certiorari to these newly created inferior courts, just as it had always existed as to the justices of the peace, and gave expression to this intention by the words 'judges of inferior courts.' * * *"

Birmingham Realty Co. v. City of Birmingham, supra, is still the law and was cited in Jefferson County v. Berkshire Development Corp., 277 Ala. 170, 168 So.2d 13.

The case of Sprinkle v. Walter L. Couse & Co., 275 Ala. 436, 155 So.2d 609, was a case involving the issuance of the statutory writ to the judge of the Jefferson County Civil Court. A statement in that case appears on reading to depart from *Birmingham Realty* and state that the writ is available to issue from a circuit judge to any inferior court. The departure appears to be present because the Jefferson County Civil Court is not an inferior court created in lieu of justice of the peace. However, examination of the act creating the Intermediate Civil Court of Birmingham, the predecessor court of the Jefferson County Civil Court, will disclose that the granting of the statutory writ of certiorari by the circuit judge and the procedure therefor is specifically authorized therein. Thus, the power to issue the writ by the circuit judge in that court was not dependent upon Section 184, Title 13.

Dearborn Stove Co. v. Dean, supra, recognized the authority of the legislature to create by local act an inferior court not in lieu of justice of peace, and to provide for therein the right to statutory certiorari in accordance with the provisions of Article 6, Chapter 8, Title 13, Code of Alabama 1940.

The Constitution empowers the legislature to establish two kinds of inferior courts. Article 6, Section 168 authorizes establishment of inferior courts in lieu of justices of the peace, and Article 6, Section 139 authorizes establishment of other inferior courts. There is an excellent discussion of inferior courts and their distinctions in the case of Ex parte Graham, 266 Ala. 1, 95 So.2d 390.

The Court of General Sessions of Mobile County was created by Local Act 40, Acts of the Legislature, 1956, page 328. It is a court of record, with concurrent civil jurisdiction with justices of the peace outside the city limits of Mobile, and concurrent with the circuit court within the city limits of Mobile, up to an amount in controversy of $750.

We must conclude that the Court of General Sessions of Mobile County is not an inferior court created in lieu of justice of the peace courts under Section 168 of the Constitution. Therefore, there is no authority under Title 13, Section 184 for a circuit judge to issue a statutory writ of certiorari to the judge of that court.

The next question available is—Does the act creating the court provide authority and procedure for the issuance of the statutory writ by a circuit judge to the Court of General Sessions?

Section 22 of Act 40 appears as follows:

"Writs of certiorari from judgments rendered by the court may be granted by the judges of the circuit court, and trial de novo had in the circuit court for the same causes and upon the same conditions and according to the same procedure as now provided by law in Chapter 6, Title 13, Code of Alabama 1940."

Chapter 6, Title 13, Code of Alabama 1940, applies to county courts exercising only criminal jurisdiction. There are no

"conditions or procedure" for statutory writs of certiorari provided therein.

Appellant contends that the legislature merely made an error in the wording of Act 40 and by process of elimination of the Chapters of Title 13, argues that it was obviously meant to refer to Article 6 of Chapter 8 of Title 13. We have examined the Senate Journal of 1956 and find that the bill, as advertised and introduced, contained in Section 22 the words Article 6, Title 13. In printing the acts, apparently there was a change from Article 6 to Chapter 6. The effect is the same in our opinion whether it was enacted as Article or Chapter 6. There is a deficiency of meaning and application.

■ It is a rule of statutory construction that where it appears from the context that certain words have been inadvertently omitted from a statute, the court may supply such words as are necessary to complete the sense, and to express the legislative intent. This rule is attended with the admonition to exercise extreme caution in adding words in the course of construction, and in the absence of clear necessity the Court should not do so. 82 C.J.S. Statutes § 344, pages 689-690; State v. Calumet & Hecla Consolidated Copper Co., 259 Ala. 225, 66 So.2d 726.

We would not consider supplying the omission in Act 40 if it were not palpably and clearly indicated by not only the context of the affected section, but by the context of the act as a whole. We therefore construe Section 22, when it refers therein to Article 6, Title 13, Code of 1940, as introduced, or to Chapter 6, Title 13, Code of 1940, as printed in the Acts of the legislature, to, in fact, refer to Article 6, Chapter 8, Title 13, Code of Alabama 1940. We deem such construction to be necessary to make the statute conform to the obvious intent of the legislature and prevent Section 22 thereof from being meaningless and a nullity.

Many of the various other sections of Act 40 adopt the jurisdiction, rules of practice and procedure, judgments, costs, and particularly rules for appeals from justice of peace courts, and apply them to the Court of General Sessions of Mobile County. The rules for taking appeals from civil judgments of a justice of the peace are found in Article 6, Chapter 8, Title 13, Code of Alabama 1940. As quoted hereinabove, Section 22 provided that there should be available statutory writs of certiorari from the judgment of the court with trial de novo in the circuit court. There is no authority for such statutory writs of certiorari except in Article 6, Chapter 8, Title 13, Code of Alabama 1940. Therefore, since the legislature clearly intended to supply such a right, it follows that the right could come from the only possible source.

■ Thus, we hold that a statutory writ of certiorari may be issued by a circuit judge of Mobile County from a civil judgment of the Court of General Sessions of Mobile County under the conditions and procedure as provided in Article 6, Chapter 8, Title 13, Code of Alabama 1940.

The order of the circuit court quashing the writ of certiorari does not disclose the reason for quashing. It appears the order must have been based upon either a belief that authority to issue was lacking or that the petition for the writ was insufficient, in that it failed to aver a good reason for failure to appeal. We have herein decided there was authority for the circuit judge to issue the writ. We thus come to the question of the insufficiency of the petition as a reason for quashing the writ on motion.

It has been stated that the statutory writ of certiorari is nothing more than an appeal by indirection where there is required a trial de novo. Ex parte McDanal, 32 Ala.App. 445, 27 So.2d 504; Dearborn Stove Co. v. Dean, supra. An examination of the statutes relating to such writ discloses no requirements or conditions for its issuance other than first executing the appropriate bond. Title 13, Section 478, Code of Alabama 1940.

It was stated in the case of Washington v. Parker, 60 Ala. 447 that

"In practice, a certiorari and an appeal are not regarded as concurrent remedies * * * A certiorari has been regarded as a remedy to which the party could resort, after by the lapse of time the right of appeal had been lost. It has been said by this court, the certiorari should not be awarded, unless the petition avers a good reason for the failure to appeal.— Wright v. Gray, 20 Ala. 363. But, if granted without such averment, the cause cannot be repudiated by the Circuit Court, * * * Casey v. Briant, 1 Stew. & P. 51; Wright v. Gray, supra; Van Eppes v. Smith, 21 Ala. 317 * * *"

The opinion in Washington v. Parker, supra, then says as follows:

"* * * The right to remove by certiorari is not by statute expressly confined to cases in which the right of appeal has been lost; and it would be in contravention of the well-defined policy to expedite the trial of such causes on the merits, to repudiate them, when introduced by certiorari, because it appears the right of appeal was existing * * *"

Thus, the effect of the opinion in *Washington* is that the statutory writ is available even though the time for appeal had not expired. The result of either appeal or certiorari is a trial de novo on the merits, so in practice there is no difference in them as a remedy. We realize that the practical effect of the holding in *Washington* is to allow six months for appeal to the circuit court for a trial de novo in appropriate cases. We cannot find where *Washington* has been overruled. In fact it has often been cited, as in Ex parte McDanal, supra.

█ In any event, it is clear that though the writ be improvidently issued due to failure of the petition to aver good cause, it may not be subsequently repudiated by the issuing court on motion except for lack

of jurisdiction or failure of compliance with some other statutory condition. Dean v. State, 63 Ala. 153; Ex parte McDanal, supra; Washington v. Parker, supra; Smith v. Atlanta Guano Co., 132 Ala. 586, 31 So. 490.

The order of the Circuit Court of Mobile County quashing the writ of certiorari is reversed and the case is remanded for further proceedings in accordance with law.

Reversed and remanded.