288 So.2d 731

Nick SAAD, doing business as
Saad's Jewelers

v.

C. Terry CLINE.

Civ. 275.

Court of Civil Appeals of Alabama.

Jan. 16, 1974.

William H. Saliba, Mobile, for appellant.

HOLMES, Judge.

This case originated in the Court of General Sessions of Mobile County, wherein the appellant filed suit against the appellee for money owed for goods and merchandise sold to appellee by appellant.

The Court of General Sessions, in January 1973, after a hearing *ore tenus,* entered a judgment for appellee. Thereafter, in May of 1973, appellant filed in the Circuit Court of Mobile County for, what appellant considers in brief and this court determines to be, a petition for a statutory writ of certiorari.

Upon presentation of the petition together with bond, a judge of the Circuit Court of Mobile County granted the petition and writ of certiorari was issued to the Court of General Sessions.

Thereafter, appellee filed a motion to quash the writ of certiorari, which was granted. Appellant then filed a motion for reconsideration and rehearing, which was denied. Next, the appellant filed a request for findings of fact and conclusions of law, which request was also denied. This appeal is taken from the aforementioned actions of the circuit court in quashing the writ of certiorari, denying the request for rehearing, and denying the request for findings of fact and conclusions of law.

Alice M. Meadows, Mobile, for appellee.

The determinative question presented to this court by this appeal is whether the Circuit Court of Mobile County may issue the statutory writ of certiorari to the Court of General Sessions of Mobile County. This precise question was presented to this court in Walker v. Kilborn, 46 Ala. App. 695, 248 So.2d 736, and this court, through our now Presiding Judge Wright, answered in the affirmative.

The only basis for deciding as we did in Walker v. Kilborn, *supra,* was our interpretation of the act creating the Court of General Sessions, Local Act 40, Acts of the Legislature 1956, page 328. Section 22 of the act reads as follows:

"Writs of certiorari from judgments rendered by the court may be granted by the judges of the circuit court, and trial de novo had in the circuit court for the same causes and upon the same conditions and according to the same procedure as now provided by law in Chapter 6, Title 13, Code of Alabama 1940."

In particular, our interpretation of the aforementioned section was the basis for our holding that a statutory writ of certiorari may issue by a Circuit Judge of Mobile County from a civil judgment of the Court of General Sessions of Mobile County.

After the decision of this court in Walker v. Kilborn, *supra,* the Legislature of Alabama, by Local Act 1803, Acts of the Legislature 1971, p. 2967, amended many of the provisions of Local Act 40, Acts of the Legislature 1956.

Local Act 1803 of the 1971 Legislature specifically repealed § 22 of Act No. 40 by its § 7, which reads as follows:

"Section 22 of Act No. 40, S. 4, Second Special Session 1956 (Acts 1956, p. 328) is hereby repealed."

■ There can be no question that the effect of the repeal of a statute or part thereof is to destroy the effectiveness of the repealed act *in futuro* and to divest the right to proceed under the statute, which, except as to proceedings past and closed, is considered as if it had never existed. See 1A J. Sutherland, Statutes and Statutory Construction, § 23.33 (4th ed. 1972).

■ We therefore, now hold there is no authority for the issuance of a statutory writ of certiorari by a Circuit Judge of Mobile County from a civil judgment of the Court of General Sessions of Mobile County.

■ While we have previously determined appellant's petition to be one for a statutory writ of certiorari, we will comment that under the facts of this case, a writ for common law certiorari would be inappropriate.

The cases in general have held that the function of the writ of certiorari at common law extends to the question of jurisdiction of the inferior court and the external validity and regularity of the proceedings, but not to its intrinsic correctness. The writ will not be employed to inquire into the correctness of a judgment rendered where the forms of the law have been followed, and where the court has jurisdiction and is, therefore, competent. Here, such a writ would be inappropriate since, clearly, the forms of the law have been followed, the court had jurisdiction, and the court was competent to act. See Ex parte Watkins, 268 Ala. 567, 109 So.2d 671; Ex parte Biddle, 258 Ala. 190, 61 So. 2d 803; Sims v. Sims, 250 Ala. 494, 35 So.2d 89; City of Birmingham v. Reed, 253 Ala. 414, 44 So.2d 614.

In view of the above, the circuit court cannot be held to be in error in granting the motion to quash and the other resulting orders, and the case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.