WRIGHT, Presiding Judge.
Thompson appeals from denial of petition for issuance of statutory writ of certiorari. We affirm.
The only issue raised by this appeal is whether a writ of certiorari may be granted by a circuit judge of Jefferson County directed to the Family Court of Jefferson County under authority of Title 13, Sec. 184, Code of Alabama (1940).
Succinctly stated the disputed issue on appeal arose as follows: Judgment dismissing a petition filed by Thompson was entered by the Family Court of Jefferson County, Alabama on July 23, 1976; Thompson did not appeal therefrom within the time permitted by statute (Title 62, Sec. 307); Thompson subsequently filed petition for writ of certiorari in the Jefferson County Circuit Court seeking a trial de novo under Title 13, Sec. 184 of the Code; after hearing and submission of memorandum of law, certiorari was denied.
This court has previously discussed at length the meaning and effect of Title 13, Sec. 184. Walker v. Kilborn, 46 Ala. App. 695, 248 So.2d 736 (1971). We discussed and cited therein cases previously decided by the Alabama Supreme Court interpreting the same statute. Jefferson County v. Berkshire Development Corp., 277 Ala. 170, 168 So.2d 13 (1964); Birmingham Realty Co. v. City of Birmingham, 205 Ala. 278, 87 So. 840 (1921). The briefs of the parties in this case indicate they are *1361 aware of our decision and those of the Supreme Court. Appellant submits that these cases all misinterpret Sec. 184 of Title 13 and should be overruled. We have no authority to overrule the decisions of the Supreme Court and we have no inclination to change our own.
We consider there is no useful purpose to be served by restating the principles of Walker v. Kilborn, supra. We therefore affirm the judgment below.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.