The defendant appeals from the denial of a petition for writ of certiorari. After receiving an adverse judgment in the District Court of Randolph County, defendant filed both an untimely appeal and the petition for certiorari with the circuit court of said county.
The learned trial judge dismissed the appeal and denied the petition for certiorari. The defendant urges this court to reverse the trial court's denial of the certiorari petition. We affirm.
The record and briefs before this court reveal that plaintiff and defendant were involved in an automobile collision. Plaintiff suffered property damage to her vehicle and personal injuries. Although her own insurance carrier provided coverage for the property damage and apparently paid the plaintiff for some of the property damage she filed suit in her own name in district court complaining of both the damage to her car and the injuries to her person.
At trial, the fact of her own coverage was disclosed. The plaintiff's attorney informed the court he was unaware of the name of the company providing benefits but promised to ascertain this and to then inform the court so that said company could be added as a party plaintiff. Apparently, the defendant's attorney agreed to this proposal and the trial continued without objection.
Later that day the promised information was provided and the insurance company was added as a party. The following day the court found for plaintiffs and awarded a recovery in the sum of $2,600.
As indicated above, defendant subsequently filed both an appeal and a petition for writ of certiorari asking for a trialde novo before a jury. The petition for the writ assigned as grounds of error the purported failure to prosecute the case in the name of a real party in interest; i.e., the insurance company.
The appeal was dismissed as it was not filed in a timely manner and the learned circuit judge, after conducting a hearing, denied the certiorari petition. Defendant does not complain of the dismissal of the appeal but asks this court to reverse the denial of the issuance of the writ.
At the outset, we note that defendant is relying on what has been termed the "statutory writ of certiorari" in prosecuting this appeal. This writ has historically existed due to the interaction of several statutory provisions which the legislature has not carried forward into our present Code of 1975.
Turning to our prior legislation, we find that by a conjunctive reading of Tit. 13, §§ 184, 297, 478, and 484, Code of Alabama 1940 (recompiled 1958), an aggrieved party could: (1) petition the circuit court within six months from the rendition of an adverse civil judgment for a writ of certiorari (§ 478); (2) directed to recorders, justices of the peace, and judges of inferior courts in all cases where appeals would lie to the circuit court (§§ 184 and 297 (3)); (3) and if the writ was granted, obtain a trial de novo (§ 484).
Our decisions firmly established that this writ was to be distinguished from common-law certiorari, Ex parte Bryant, *Page 1097 
38 Ala. App. 127, 78 So.2d 821 (1955), and that it enjoyed a closely circumscribed field of operation. Walker v. Kilborn,46 Ala. App. 695, 248 So.2d 736 (1971). In other words, this appeal by indirection, with the attendant right to trial de novo, existed only within its own parameters. Outside these boundaries, the rules applicable to common-law certiorari were to prevail. See, Dearborn Stove Co. v. Dean, 269 Ala. 561,115 So.2d 258 (1959).
Of the above enumerated statutes, only § 184 has been brought forward into our present Code in any form. Though in substantially different form it is presently § 12-17-28, Code of Ala. 1975, and is as follows:
 Judges of circuit courts may grant writs of certiorari directed to judges of district and municipal courts in all cases where appeals lie from such courts to the circuit court.
It would appear that by omitting the provisions which gave substance to the statutory writ, our legislature has evidenced the intent to do away with it. The writ primarily existed as an alternative means of appeal from justice of the peace courts, and when these were abolished by the implementation of our unified judicial system, therewith went the need for such a device.
Therefore, in deciding this appeal and interpreting §12-17-28, we must be governed by well established common-law principles. Paramount among these, and dispositive of this appeal, is the rule that common-law certiorari will not lie when an adequate remedy is available by appeal. Fowler v.Fowler, 219 Ala. 457, 122 So. 444 (1929); Ex parte Biddle,258 Ala. 190, 61 So.2d 803 (1952). Thus, in Morrison v. Chambers,212 Ala. 574, 103 So. 666 (1925), the Supreme Court of Alabama ruled certiorari would not lie when the petitioning party failed to take an appeal from an adverse ruling in a mandamus action.
It is clear that defendant had an adequate remedy by appeal from the decision in the district court. Section 12-12-70 (a), Code of Ala. 1975, allows an appeal to the circuit court if notice thereof is filed within fourteen days from date of judgment. Section 12-12-71 provides such appeals shall be for trial de novo and allows a jury trial if the appellant demands such in the notice of appeal.
As noted, for reasons unexplained, defendant failed to seek this remedy in a timely fashion. He then sought to regain this lost right through petition for certiorari. However, common-law certiorari cannot be utilized to perform the office of an appeal. Ex parte Sloss-Sheffield Steel Iron Co., 207 Ala. 219,92 So. 458 (1922). It follows there was no error in dismissing the petition.
We would further observe that defendant's contentions regarding the district court's purported errors are without merit. Basically, he asserts that the insurance company was a subrogee of the plaintiff, and that as such it was a real party in interest in whose name the suit had to be prosecuted. See, Rule 17 (a), ARCP. He complains that because this was not done, he was unable to ascertain the monetary interest of the company. He tells this court he fears further litigation by the company and complains the plaintiff may have well received an unwarranted double recovery.
While it is true that the subrogee insurance company was a real party in interest and Rule 17 (a) requires that an action such as this be brought in its name as well as that of the insured subrogor, (here, the plaintiff), Corona v. SouthernGuaranty Insurance Co., Inc., 294 Ala. 184, 314 So.2d 61
(1975), the rule also expressly contemplates the situation at hand and provides the resolution of this problem. In pertinent part, it reads:
 No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for . . . joinder . . . of the real party in interest; and such . . . joinder . . . shall have the same effect as if the action had been commenced in the name of the real party in interest. Rule 17 (a), ARCP. *Page 1098 
Here, the record indicates that on the same day objection was entered the name of the subrogee insurance company was supplied and it was joined as a party plaintiff. There was unobjected to testimony at the hearing on the certiorari petition that the insurance company approved this joinder. It is clear to this court that Rule 17 (a) was followed and that defendant has not been prejudiced by the method of compliance.
For the above reasons, the denial of the petition for writ of certiorari is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.